ROSANA C. RUIZ ET AL. v. CHARLES A. R. CAMPBELL ET AL.

No. 263.

1. **Pleading — Forgery.** —An allegation in an answer that a note had been changed and something added thereto is a plea of forgery which is not required to be verified.

2. **Partition Among Heirs.**—In a partition of land among heirs, where one owns the interest of several others, the interests so purchased can not be subjected to the payment of a debt due the decedent by the heir purchasing the interests; only the portion inherited could be so subjected in the partition.

3. **Wife's Liability.**—Even though the wife sign a note with her husband, she is not liable thereon, unless it was executed for necessaries, or for the benefit of her separate estate, and her separate property can not be charged with the payment thereof in partition.

4. **Advancement.** — A loan by a mother for which her daughter and her husband execute their note with interest payable monthly, is only a debt due by the husband and wife, and not an advancement.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*Martin & Burgess*, and *W. W. Walling*, for appellants.

*McLeary & Fleming*, for appellees.

FLY, ASSOCIATE JUSTICE.—Rosana C. Ruiz, joined by her husband, Francisco, sued appellees for partition of a certain lot in the city of San Antonio, representing that Rosana C. Ruiz was the legal and equitable owner in her own right as her separate property of the lot, being number 6 in block 3 of said city. It was also alleged that Charles A. R. Campbell and Vicente Dowling each owned one-eighth of said lot. There was prayer for partition, or of sale if the lot was found incapable of partition and a division of the proceeds, and that pending the litigation a receiver should be appointed to collect the rents.

All of the defendants except the appellees disclaimed any interest in lot number 6, and protested against the partition of a $2000 note, which was not due, pleaded by appellees Charles A. R. Campbell and Vicente Dowling.

Appellees in their answer pleaded that the note for $2000 had been executed by Rosana C. Ruiz and her husband, Francisco Ruiz, to Mrs. M. D. Campbell, through whom all the parties claimed title, and that the same was a part of the assets of the estate, and that said note should be set over to appellants as their part of the estate.

The case was tried before the court without a jury, and the $2000 note was decreed to be an advancement to appellants, and that seven-eighths of it should be set off against their interest in the land; that the property be sold as under execution, and if the interest of appellants, amounting to six-eighths, exceeded seven-eighths of the $2000 note, their share of the balance should be allotted to them. It was further decreed, that the rents, amounting to $190, collected by C. A. R. Campbell, should be divided equally among the eight heirs, and also provided for the distribution of the rents collected by the receiver who had been appointed by the court.

We find the following facts established by the record:

1. That Mrs. M. D. Campbell died, leaving as her heirs her children, Martin M. Campbell, Alex P. Campbell, Daniel B. Campbell, Eliza Thompson, wife of J. W. Thompson; Lula Dreiss, wife of Herman Dreiss; V. O. Dowling, wife of Joseph W. Dowling; Charles A. R. Campbell; and Rosana C. Ruiz, wife of Francisco Ruiz; and leaving an estate consisting of lot number 6 in block number 3, east of the San Antonio River in the city of San Antonio, on the east side of King William Street, and a promissory note for $2000, dated May 1, 1890, due two years after date, with the option to extend time of payment for two years on part of the makers, who were Francisco Ruiz and Rosana C. Ruiz, said note bearing interest at 10 per cent per annum payable monthly, and 10 per cent attorney fees if collected by law. Said note was payable to the order of Mrs. M. D. Campbell.

2. That upon the death of Mrs. Campbell, each of the heirs aforesaid inherited one-eighth of her estate.

3. That Rosana C. Ruiz inherited one-eighth of the estate, and bought the interest of all the other heirs in the land except V. O. Dowling and C. A. R. Campbell, and is entitled to six-eighths of the land and one-eighth of the note for $2000.

4. That said note was not executed for necessaries furnished Mrs. Ruiz or her children, or for expenses incurred by her for the benefit of her separate estate, but was given for a community debt, and is not a charge upon her separate property.

The first and second assignments of error are waived by appellants. The third assignment contends, that the court erred in overruling excep-

tions to that part of the answer which alleges that the following sentence had been added to the note after the death of Mrs. Campbell, by appellants, "We, the undersigned, have the privilege of two years more after the maturity of this note," because the same was not verified by affidavit. The effect of this allegation was to charge the alteration of a genuine instrument by giving the makers of it the right to extend the payment two years. It was, so far as this part of the note was concerned, an allegation of forgery, and we know of no law requiring a plea of forgery in a case like this to be verified by affidavit. If it was required by statute, the case was tried by the court, and no evidence sustaining the alteration was introduced, and the court found that the note was not due, and the ruling of the court could not have injuriously affected the interest of appellants.

Rosana Ruiz was an heir of her mother, and as such was entitled to one-eighth of the estate left by her mother. She had with her separate funds bought one-half of lot 6 from the other heirs, and one-eighth had been conveyed to her without specifying that she had paid for it with her separate means. She, joined by her husband, brought suit for partition, alleging that she owned six-eighths of the lot. She was entitled to only one-eighth by inheritance, and the other five-eighths she had acquired by purchase. We are unable to understand how the land she had bought could on a division of the estate be thrown into hotch-potch with a note that she and her husband owed, and be taken from her to pay a supposed debt made by her to her mother. Any other land that she might have bought might have been taken into hotch-potch to settle the note with as much right and justice.

We have never understood that when an estate is to be divided among the heirs of a decedent, that other property than that inherited by an heir could be drawn into the distribution and made a part of the estate, in order to get out of it what might be due the estate.

This partition, under the facts and pleadings of this case, must have the same rules applied to it as though each of the heirs still held his share of the estate. In that instance each heir would have been decreed his one-eighth interest in the estate. In this instance appellants were entitled to receive the five shares they bought, unencumbered by anything they may have owed the estate. The interest they had bought came to them as. they were inherited by their owners, and they can not be taken from them, in a summary manner, without pleading or evidence to sustain it, to pay a debt they may have owed.

Rosana Ruiz was, so far as the debt she and her husband owed, placed in no better and no worse condition by the purchase of the five shares in the lot than she would have been had there been no purchase. She stands in the same position as to the five shares purchased as did her vendors. Had she not purchased the shares, she would have been entitled to one-eighth of the note and one-eighth of the lot, less the amount due by her

·on seven-eighths of the notè.  She did not change her position, so far as the estate was concerned, by purchasing the interest of the other heirs. It would be equitable and just to her and the other heirs to compel her to take her share of the land, charged with her debt due the estate, but it would be unjust to charge the land she had bought with the debt also.

We have discussed this question as though it had been alleged and proved that the note was given for a debt contracted by herself or by her express authority for necessaries for herself or children, or for the benefit of her separate property.  This was not done, and the debt evidenced by the note was not a charge upon the separate property of the wife.  Rev. Stats., art. 2854; Harris v. Williams, 44 Texas, 124; Warren v. Smith, 44 Texas, 245.

The debt evidenced by the promissory note is not shown to have been ·one for which, under the statute, the separate property of the wife can be held liable.  The only connection the wife seems to have had with the debt was the signing of the note with her husband.  This did not make it a charge on her separate estate.  Appellees say that the $2000 was an advancement to the daughter by the mother.  An advancement for which a promissory note was given, bearing 10 per cent interest per annum, interest payable monthly, is rather an anomaly.  It is nothing but a debt due by the husband and wife, and a charge upon their community estate.

It was not error to permit the note to be read in evidence or to have a partition of the same.

It is unnecessary to consider the other assignments.

It is the judgment of this court that the judgment of the lower court be reversed; that lot number 6, in block number 3, east of San Antonio River, on the east side of King William Street, be partitioned so that the appellant Rosana C. Ruiz shall have and recover six-eighths of said lot, and appellees V. O. Dowling and Charles A. R. Campbell each one-eighth of said lot; and that each of the eight heirs, to-wit, Rosana C. Ruiz, Martin M. Campbell, Alex P. Campbell, Daniel B. Campbell, Eliza Thompson, Lula Dreiss, Charles A. R. Campbell, and V. O. Dowling, shall have and there is hereby set apart one-eighth of said note for $2000; and the commissioners appointed by the District Court shall make partition in accordance with this opinion, and make due report of their action to the District Court of the Forty-fifth District of Bexar County, at a date as early as practicable.  It is also ordered that the money collected for rents be equally divided among the eight heirs; that appellees pay all costs of this court, and that the costs as to the partition of the land in the District Court be apportioned among Rosana C. Ruiz and appellees according to their respective shares in the same, and that the costs of dividing the note be equally apportioned among all heirs.

*Reversed and rendered.*

Delivered March 28, 1894.