[Farrow v. Nashville, Chattanooga & St. Louis Railway.]

# Farrow v. Nashville, Chattanooga & St. Louis Railway.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Relevancy of evidence on inquiry as to abandonment of roadway by railroad company.*—In an action against a railroad company to recover the statutory penalty for cutting trees on land claimed by the defendant as part of its roadway, evidence as to the extent to which the roadbed had been cleared prior to the cutting of the trees in question is relevant on the inquiry as to whether the land had been abandoned by the defendant, where the clearing deposed to extended back to and connected with the part of the road which had been completed many years before.

2. *Action to recover statutory penalty for destruction of trees; relevancy of evidence to show plaintiff's consent.*—In an action against a railroad company to recover the statutory penalty for cutting down trees (Code, § 3296) on land claimed by the defendant as part of its roadway, evidence of the fact that the plaintiff "knew they were clearing off the old right of way, and had heard that the road was being constructed before the trees in question were cut," is proper to go to the jury on the inquiry of consent *vel non* on his part to the cutting, where there is no direct evidence on that point.

3. *Receipt showing payment of purchase money recited in deed; when admissible.*—Where a deed has been introduced in evidence without objection, a receipt given by the grantor showing the payment of the purchase money recited in the deed is also admissible.

4. *When certified transcript of the record of a deed is not admissible to prove it.*—Where it appears that the original deed is in the custody and control of the party offering a certified transcript of the record of it, such transcript is not admissible, under the statute (Code, § 1798) making such transcript competent only when it "appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript has not the custody and control thereof."

5. *Evidence as to possession and abandonment of roadbed by railroad company.*—On an issue as to the possession and abandonment by a railroad company of land claimed by it as a part of its roadbed, the testimony of a witness that there was a continuous roadbed embracing that across the land in controversy, and extending to a named town, is competent.

6. *Evidence of conduct of one through whom plaintiff deraigns title to land; when not competent.*—In an action against a railroad company to

[Farrow v. Nashville, Chattanooga & St. Louis Railway.]

recover the statutory penalty for willfully and knowingly cutting trees on land now claimed by the defendant as a part of its roadway, evidence of the fact that one through whom plaintiff deraigns his title to the land in question, as president of the defendant company, directed the location of the road upon it, is not admissible against plaintiff, where it does not appear that such person owned the land when he had the road located upon it.

7. *Examination of adversary, under the statute; when party is not entitled to have answers excluded.*—Where a party has offered in evidence responsive answers of his adversary to interrogatories propounded under the statute, he is not entitled to have such answers excluded, though the testimony, abstractly considered, may be inadmissible.

8. *Conveyance of right of way to railroad company; effect upon pre-existing inchoate liens.*—A private sale and conveyance of a right of way to a railroad corporation endowed with the right of eminent domain by the owner of property upon which another has a lien do not operate to cut off the lien and invest the property in the purchaser, freed from all inchoate interests and liens.

9. *Statutory penalty for willful destruction of trees; corporations having right of eminent domain not exempt.*—Corporations having the right of eminent domain are not exempt from the operation of the statute (Code, § 3296) imposing penalties for willfully and knowingly destroying, injuring, or removing trees on lands of another, without the consent of the owner, in respect of such depredations committed upon lands taken by them without condemnation and compensation, or purchase, for *quasi* public purposes.

10. *Possession and abandonment of land; questions for the jury.*—In an action against a railroad company to recover damages for the destruction of trees on land claimed by the plaintiff, inquiries as to the possession and abandonment of the land in question by the party under whom the defendant claims are for the jury.

11. *Action to recover statutory penalty for willful destruction of trees; burden of proof.*—In an action to recover the statutory penalty (Code, § 3296) for willfully and knowingly destroying, injuring, or removing trees on lands of another, without the consent of the owner, the *onus* of proving that the alleged destruction, &c., was without his consent is upon the plaintiff.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellants, Thomas L. Farrow and others, against the appellee, the Nashville, Chattanooga & St. Louis Railway, to recover the statutory penalty for destroying trees upon lands alleged to be owned by the plaintiffs. The case was tried upon issue joined upon the plea of the general issue. Both parties claimed the land in question under one Thomas

29

Hale, who was the owner of it in the year 1858. The plaintiff deraigned title through mesne conveyance from the purchaser at a sale of the land under execution against said Thomas Hale. The defendant claimed under a conveyance of a right of way by said Hale to the Tennessee & Coosa Railroad Company. The plaintiffs excepted to the action of the court in overruling their objecton, mentioned in the opinion, to the admission in evidence of a certified transcript of the record of the deed of the Tennessee & Coosa Railroad Company to the defendant. T. L. Farrow, one of the plaintiffs, testified that the road now used by the defendant did not touch the land where the timber in dispute grew, and that no part of the track was ever on the land where this timber was cut. On cross-examination of this witness by counsel for the defendant, he was asked if this was the only place the road bed was cleared off. To this question the plaintiffs objected, because immaterial, irrelevant, and illegal. The court overruled this objection, and to this ruling the plaintiffs excepted. This witness further testified on cross-examination that there had been a way cleared off from that point back east to Attalla; that he knew they were clearing off the old right of way, and had heard that the road was being constructed before the trees in question were cut. To this last statement the plaintiffs objected, and moved to exclude it because it was immaterial, irrelevant, and illegal. The plaintiffs excepted to the action of the court in overruling this motion. The defendant offered in evidence a paper in words and figures as follows, in connection with proof that the signature thereto was in the handwriting of Thomas Hale: "Received, August 16th, 1859, of Sam'l K. Rayburn, Pres't T. & C. R. R. Co., twenty-five dollars, balance in full for the right of way through my land, this 16th August, 1859. [Signed] Thomas Hale." The plaintiffs objected to this evidence, the court overruled the objection, and the plaintiffs excepted. The motions of the plaintiffs, mentioned in the opinion, to exclude certain of the defendant's answers to interrogatories propounded to it under the statute by the plaintiffs were made after the plaintiffs had introduced said answers in evidence. Exceptions were duly reserved by the plaintiffs to the rulings of the court on these motions, as well as to other rulings on questions

of evidence mentioned in the opinion.    Other material
facts are stated  in the opinion.    Upon the introduction
of all the  evidence, the  court, at  the  request of the de-
fendant, gave to the jury the  following  written charge :
"If the jury believe all the evidence, they  should find a
verdict for  the defendant."    The plaintiffs excepted to
the giving of this charge.    From a judgment for the de-
fendant the  plaintiffs  appeal, and assign as errors, the
several rulings to which exceptions were reserved.

LUSK  & BELL and O. D. STREET, for appellants.— (1)
The statute prescribes a fixed  penalty to be paid to  the
owner for each tree cut or  destroyed, whether he was in
possession  or  not, or  whether the cutting was done by
one in adverse possession,—*Rogers v. Brooks*,, 11 So Rep.
753 ;  *Allison  v.  Little,*  85 Ala.  517 ; 21  Ala. 456.    (2)
The defendant, if not  the  owner  of the land, had no
right  to  enter  upon  it and  destroy timber until it had
first made just compensation for the  property.—Consti-
tution of Ala. Art. 14, § 7 ; *Ala. Midland  R.  Co.  v. New-
ton*, 94 Ala. 443.    (3)  The possession of the Tennessee
& Coosa Railroad Company, in order to have  given it,
or those holding under it, a title  or claim to  the  land,
should have been unbroken, persistent  and  continuous
for  the  period  prescribed  by  the statute.—*Childress v.
Calloway,* 76  Ala.  130 ; *Bishop v.  Trueti*, 85  Ala.  376 ;
*Riggs v.  Fuller*, 54 Ala. 141 ; 2 Washburn on Real  Prop-
erty, 343–5.  (4)  The question of adverse possession was
one for the jury, and should  not have  been  withdrawn
from them by the affirmative charge in favor of  the de-
fendant.— *Woods v. Memphis  &  Charleston R. R. Co.*, 84
Ala. 560 ;  Brown  v.  C. B. & K. 14  S. W. Rep. 719 ;
*Tennessee & Coosa  R. R. Co. v. Taylor*, 14 So. Rep.  379.
(5)  The evidence of abandonment should have been sub-
mitted to the jury.—*Beaty v. Carolina Central R. Co.*, 12
S. E. Rep. 917 ; *Henderson v. Carolina, Cent. R. R. Co.*
6. S. E. Rep. 736.    (6)  The ruling as to  the  admission
of  the  copy of  the deed  to  the defendant, the original
being in its possession, was clearly  erroneous.—3 Brick.
Dig. p. 848, § 623.    (7)  The proposition that the  Rail-
road Company could acquire by Hale's deed  a right  or
title  to  the  land  in  question  superior to the right  of
those  acquiring  title  through the  judgment, writs  of
execution, and sheriff's deed, is not the law of this State.

[Farrow v. Nashville, Chattanooga & St. Louis Railway.]

2 Freeman on Execution, § 333 ; 1 *Ib.* § 195 ; *Pratt v. Pratt*, 96 U. S. 704.

GOODHUE & SIBERT and O. R. HUNDLEY, *contra.*—Notwithstanding the existence of the inchoate execution lien, the Tennessee & Coosa Railroad Company, by payment of compensation to the owner of the fee, acquired the right of way, freed from the inchoate lien.—1 Rorer on Railroad Law, 300 ; 2 Beach on Railway Law, § 793 ; Wood's Railway Law, 866 ; *Watson v. N. Y. Central R. R. Co.* 47 N. Y. 157.

There is nothing in the record to raise any question of abandonment, statute of limitations, or non-user; or to show that the plaintiffs and those under whom they claim ever had any such adverse possession as to divest the title of the Tennessee & Coosa Railroad Company.

The defendant having entered, not for a *private*, but for a *public* use, was not an ordinary trespasser, against whom the statutory action for a penalty will lie.—*Jones v. N. O. & S. R. R. Co.*, 70 Ala. 231; *Justice v. N. V. R. R. Co.* 87 Pa. St. 31; *N. C. R. R. Co. v. Canton*, 30 Md. 347 ; *Morgan v. C. & N. R. R. Co.*, 39 Mich. 575 ; *Lyon v. B. & M. R. R. Co.*, 42 Wis. 438.

The plaintiffs failed to show that the trees were cut without their consent. Without such proof, they were not entitled to recover. *Beatly v. Brown*, 76 Ala. 267 ; *Russell v. Irby*, 13 Ala. 131.

McCLELLAN, J.—The testimony of the plaintiff Farrow, when being cross examined as a witness for the plaintiffs as to the extent to which the old road bed had been cleared prior to the cutting of the trees involved here, was relevant on the inquiry of abandonment, especially as the clearing as to which he deposed extended back to and connected with that part of the road which had been completed many years before ; and the further fact that he "knew they were clearing off the old right of way and had heard that the road was being constructed before the trees in question were cut" was, we think, proper to go to the jury on the inquiry of consent *vel non* on his part to the cutting, there being no direct evidence on that point.

The deed from Thomas Hale to the Tennessee & Coosa Railroad Company of a right of way over his land hav-

ing been introduced without objection, we do not conceive any valid reason for rejecting the receipt of that company showing the payment of the purchase money recited in the deed. In this connection, it may be further said that whether this deed was efficacious as a conveyance or not,—a question to be considered further on,— t was admissible in evidence in connection with the showing made by defendant as to the possession of the right of way by itself and the Tennessee & Coosa R. R. Co. And, further, that its supposed indefiniteness of description did not render it inadmissible.—*Payne v. Crawford*, 102 Ala, 387.

The plaintiffs showed title to the fee. It was upon the defendant to show title to the right of way. One link in its alleged title was a deed from the Tennessee & Coosa R. R. Co. This deed was in defendant's possession. The court refused to require the production of the original, but admitted, against plaintiffs' objection, a copy certified from the records of the probate court. By this copy it appears that the original deed had been in all respects so acknowledged and proved as to be entitled to registry in that office under section 1804 of the Code. This made the *original* deed self proving ;it could have been introduced in evidence without proof of its execution. But this is not to say that a certified transcript of the record of the deed was admissible. To the contrary, by the express terms of the statute, such transcript is competent only when it "appears to the court that the original conveyance has been lost or destroyed, or that the party of offering the transcript has not the custody and control thereof." In this case it not only did not appear that the deed had been lost or destroyed, or was out of the control or custody of the defendant, but, to the contrary, it affirmatively appeared that it was at the time in the custody and control of the party offering the transcript. The trial court, therefore, erred in admitting said transcript. Code, § 1798 ; *Huckabee v. Shepherd*, 75 Ala. 342 ; *Jones v. Hagler*, 95 Ala. 529.

The testimony of Carlisle that there was a continuous roadbed embracing that across the land here in controversy, and extending to Gadsden, was clearly competent on the questions of possession and abandonment by the Tennessee & Coosa Company and the defendant of the roadbed on this land.

Rayburn was at one time the owner of this land, and through him the plaintiffs deraign their title. If, while he so owned it, he, as president of the railroad company, directed the location of the road upon it, the fact of such direction would be competent evidence for the defendant in this action,—assuming, of course, that the defendant has succeeded to the rights of the Tennesse & Coosa Co.,—otherwise not. And, inasmuch as it was not made to appear that Rayburn owned this land when he had the road located upon it, this testimony should have been excluded.

The several motions of plaintiffs to exclude certain of defendant's answers to interrogatories propounded to it under the statute by the plaintiffs, the answers in question being responsive to the interrogatories, were each properly overruled. A party cannot thus speculate upon the testimony of his adversary which he has elicited and laid before the jury, even though the testimony, abstractly considered, may be inadmissible.

The only other action taken by the court necessary to be considered was the giving of the affirmative charge for the defendant. It is contended for appellee that upon the whole case the defendant was entitled to this instruction, and that the errors committed by the court, if any were committed, were therefore not prejudicial to the plaintiffs, and should not work a reversal of the judgment. This contention is rested upon each of three propositions. First, it is insisted that the effect of Hale's deed to the Tennessee & Coosa Company was to vest the right of way in question in that company, freed from all preexisting inchoate liens. We can not concur in this view. It may be—we are prepared to admit that it is—a sound proposition of law that when a corporation of a public character, and with authority to exercise the right of eminent domain, pursues the statute in the taking and to the condemnation of land, and pays the owner the assessed compensation therefor, the land or easement, as the case may be, vests in the corporation, freed from all inchoate liens and interests existing at the time in third persons; but this is on the theory that all such inchoate rights are acquired with reference to the statutory right in the corporation to acquire the land by pursuing the statutory provisions, and are, therefore, held subject to the exercise of the right, and

are displaced by its exercise, the holders of such liens or interests not being the "owner," as the term is used in the statute, to whom alone compensation is to be made. But this is not to say that the mere holder of the legal title can, by private bargain and sale to a corporation endowed with the right of eminent domain, any more than to anybody else, cut off, destroy and defeat existing liens which, but for such sale, ripen by due course of legal procedure into full legal estates. We are aware that Mr. Rorer, in his work on Railroads, says that "by parity of reasoning"—with the doctrine which obtains as to the destruction of inchoate liens where there has been a judicial condemnation—"the same result would follow the acquisition of property or right of way if obtained by purchase, provided the quantity be no greater, and the use be the same, as that which might have been obtained by assessment." The adjudged cases cited to this text do not support it. They merely hold that, however property is acquired for public uses, whether by condemnation or purchase, it is to be held to such uses, and is entitled to all the immunities incident to property so held, such, for instance, as exemption from taxation.—*Worcester v. Western R. R. Co,* 4 Metc. (Mass.) 564; *Wayland v. Commissioners,* 4 Gray 500; *B. & M. R. R. Co. v. Cambridge,* 8 Cush. 237. Nor do the considerations upon which the doctrine of displacement of inchoate rights on condemnation rests at all apply to a private bargain and sale of a roadway. In the former case the law—the same power—which gives the inchoate right also provides for the destruction of that right by a condemnation proceeding against, and payment of compensation to—not the holder of the lien or other inchoate interest, but—the owner of the land which is subject to such lien or interest, and these are, therefore, held entirely subject to the exercise of the right of condemnation. But there is no statute which authorizes the private sale for any purpose whatever, public or private, by the owner of property upon which another has a lien, so as to cut off the lien and invest the property in the purchaser, freed from all inchoate interests and liens; and to engraft such a doctrine upon our law by judicial decision would be opposed to the spirit of our jurisprudence and to the most elementary conceptions of the sacredness of vested rights

and property. And, moreover, excluding the deed from the Tennessee & Coosa Company to the defendant, as it should have been, it is not shown that the latter succeeded to the rights and title of the former; so that, whatever effect be accorded to the Hale deed, as between the grantor and grantee therein, the general charge in favor of this third party can not be supported by it.

Nor can we endorse the further proposition advanced by appellee that railway corporations and others having the right of eminent domain are not within section 3296 of the Code in respect of depredations committed upon lands taken by them without condemnation and compensation, or purchase, for *quasi* public purposes. There is no warrant whatever in the statute for such immunity. And these corporations have no more right than others of a purely private nature, or than individuals, to enter upon the lands of another. Indeed, as if to emphasize this, and certainly as showing the greater necessity for stringent regulations protecting the citizen from the encroachment of these *quasi* public concerns, the organic law itself expressly provides that there shall be no taking of property by them until compensation therefor shall have been paid. Const. Art. 14, § 7. Having thus no right to fell trees on the land of another, and there being thus, it would seem, greater danger of their trespassing upon such lands, instead of any consideration tending to take these corporations out of the statute, there is the more reason for the additional safeguard which this law affords being interposed against them than against others, and this the more especially since, whatever their necessities with respect to going upon and using the lands of others, they can always, and speedily, be met and accommodated by a resort to the simple and just remedy which the statute gives them.

Nor can the giving of the general charge in this case be justified by reference to the evidence of long continued possession on the part of the Tennessee & Coosa Co., even assuming that the defendant had succeeded to any right and title which said company had acquired by the length and character of its possession. That inquiry, as also the further inquiry whether the roadway was abandoned by the Tennsssee & Coosa Co., was for the jury, and should not have been taken from them by an

affirmative instruction.—*Tennessee & Coosa Railroad Co. v. Taylor*, 102 Ala. 224.

But the *onus* of proving that the alleged cutting of the trees was without their consent was upon the plaintiffs. This proof was an essential constituent of any right to recover in this action. And, in its absence from the case made by the plaintiffs, the court properly gave the affirmative charge for the defendant.—*Rogers v. Brooks*, 105 Ala. 549.

The judgment of the circuit court must therefore be affirmed.

## APPLICATION FOR REHEARING.

If it be true, as insisted for appellants, that the evidence which went to show that defendant cut the trees under a claim of right and title was evidence from which the jury might have inferred a want of consent on the part of plaintiffs, and the jury found that the cutting was so done under such claim, as they would have had to do before concluding that it was done without such consent, the general charge was yet properly given, because this finding of the jury that the cutting was done under a claim of title to the land, and of consequent right to fell the timber, demonstrates that it was not willfully and knowingly done.

Application overruled.