## Cooley v. Sheppard Lumber Co.

APPEAL from Jefferson Circuit Court.
Tried before the Hon. E. K. CAMPBELL, Special Judge.

LANE & WHITE, and P. SCOTT, for appellant.

JAMES TROTTER, for appellee.

This action was brought by the appellant against the appellee to recover the statutory penalty for cutting trees, under section 3147 of the Code of 1896; it being averred in the complaint that the trees alleged to have been cut were on land owned by plaintiff, and that they had been cut and removed by the defendant from the plaintiff's land willfully and knowingly, without the consent of the plaintiff. Issue was joined on the plea of the general issue.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf. To the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

The evidence in this case without conflict proves that the Lumber Company by correspondence entered into a contract with Cooley for the purchase of all saw timber on certain land for the consideration of $163.50 and the material for and the building of a certain house on the land; that this agreement was to be reduced to writing in duplicate and sent to a bank at the place of Cooley's residence in Texas, where Cooley was to sign the duplicates, retain one of them and return the other to the Lumber Company; that the money was to be and was sent along with the papers, and was to be paid over to Cooley upon his signing the writing; that Cooley interlined the word "pine" in the writings so as to confine its operation on its face to pine timber alone, then signed the papers, sent one of the duplicates to the Lumber Company without in any way calling its attention to the interlineation, received the $162.50 from the bank and had kept it up to the time of the institution of suit; that the Lumber Company did not observe the alteration of the paper until just before this suit was

brought, having in the meantime cut all the timber off the land as specified in its agreement with Cooley and as written down in the papers it sent to Cooley, and as it supposed was specified in the duplicate returned to it by Cooley. On this state of the case it is held that the plaintiff failed to make out his case under section 4137 of the Code, in that he failed to show that the defendant, the Lumber Company, willfully and knowingly without the consent of plaintiff, cut the trees as alleged in the complaint.—*Farrow v. N. C. & St. L. R. R. Co.*, 109 Ala. 448. It is further held that the fact that plaintiff's agent in Alabama had not consented to the cutting does not tend to show the essential elements of knowledge and willfulness on the part of the defendant against the undisputed facts set out above. The court, therefore, properly gave the affirmative charge for the defendant.

The judgment is affirmed.

Opinion by McClellan, C. J.