# Burgess & Co. *v.* Blake *et al.*

## *Bill in Equity to foreclose Mortgage.*

1. *Mortgage upon wife's land; burden upon wife to show her land included therein.*—The joinder of a wife in a mortgage with her husband as a mortgagor, without expressly limiting her execution to a relinquishment of her dower interest, does not raise the presumption that such mortgage embraces the separate property of the wife; and in a suit to foreclose such mortgage, the burden is upon the wife to prove what land of hers, if any, was included therein.

2. *Evidence; when certified transcript of deed admissible in evidence.*—Under the provisions of the statute (Code, § 992), the certified transcript of a conveyance is admissible only when "it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript has not the custody or control thereof."

3. *Alteration of deed; altered deed admissible as evidence of title.* The unauthorized alteration by the grantee therein of a deed to land in a material part, after its execution, does not divest the title originally granted by the instrument; but the altered deed itself continues to be a memorial of the conveyance, and may be adduced in evidence to prove such conveyance and the existence of title in the grantee.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants, D. R. Burgess & Company, against the appellees, E. E. Blake and C. E. Blake; and sought to foreclose a

mortgage executed by the defendants, and embracing certain lands in Baldwin county, Alabama. The bill averred the execution of a mortgage by E. E. Blake and his wife, C. E. Blake, and attached the same as an exhibit. It was further averred that there had been default made in the payment of the mortgage debt; and the prayer of the bill was that an accounting be had to ascertain what was due thereon, and for a foreclosure of the mortgage. The mortgage was signed by E. E. Blake and C. E. Blake. There were two certificates of acknowledgement made before a justice of the peace. The first was that in reference to the signature of E. E. Blake and his wife, C. E. Blake, and the second was the acknowledgement of the wife separate and apart from her husband.

The answer of both of the respondents, in so far as they effect this appeal, admit the making of the mortgage, and set up that the mortgage was made to secure a debt of E. E. Blake, and that certain of the lands embraced in the mortgage belonged to C. E. Blake, the wife, and that, therefore, the mortgage was void as to the lands of C. E. Blake embraced therein.

By agreement the testimony was taken orally. The complainants proved the execution of the mortgage, and that the mortgage debt had not been paid. In order to prove that some of the lands included in the mortgage belonged to Mrs. C. E. Blake, the defendants examined E. E. Blake as a witness, and he testified that the lands referred to did belong to his wife. This testimony of E. E. Blake was objected to, and the objection was sustained by the chancellor. For the purpose of proving that said lands belonged to Mrs. C. E. Blake, the defendants introduced a certified deed from one Dreisback to C. E. Blake, which deed embraced that part of the lands in controversy. The introduction of this certified copy was objected to, on the ground that it was secondary evidence, and on the further ground that it was immaterial and irrelevant. This objection to the evidence was overruled, and the testimony was admitted. In order to prove that another portion of the lands included in the mortgage belonged to Mrs. C. E. Blake, the defendants introduced in evidence a deed made by the defendant, E.

E. Blake to C. E. Blake, conveying said lands. To the introduction of this deed the complainants objected, on the ground that the same was in a mutilated condition and showed material alterations on its face, and upon the further ground that the same was immaterial and irrelevant. This objection was duly taken during the time of taking the testimony of the defendant E. E. Blake. The objection was overruled. The court admitted these two deeds in evidence. The other facts of the case necessary to an understanding of the decision of the present appeal are sufficiently stated in the opinion.

Upon the final submission of the cause, the chancellor decreed that the complainants were entitled to the foreclosure of their mortgage, but excluded from the decree of foreclosure the lands shown by the deeds in evidence to belong to Mrs. C. E. Blake. From this decree the complainants appeal, and assign the rendition thereof as error.

T. M. STEVENS, for appellants.—A certified copy of a deed offered in evidence by the party who should have custody of the original deed, is not admissible without accounting for the failure to produce the original deed. This is specially true in a proceeding where the question of the title to the land described in said deed is a direct issue and does not arise on collateral attack.—Code, § 992; *Hines v. Chancey*, 47 Ala. 637; *Echols v. Hubbard*, 90 Ala. 309; *Jones v. Hagler*, 95 Ala. 529; *Foster v. State*, 88 Ala. 182; *Burks v. Bragg*, 89 Ala. 204; *Jones v. Walker*, 47 Ala. 173; *Hudson v. White*, 52 Ala. 597; *F. L. M. &c. Co. v. Warren*, 91 Ala. 533.

A principal can not introduce in evidence a deed which clearly and distinctly shows on its face material alterations in the description of the land therein conveyed; and the alterations themselves show an erasure of part of the description and a substitution therefor of a different description. The alteration or spoilation should be explained before the deed is admissible in evidence.—1 Greenleaf on Evidence (14 ed.), Sec. 564; *Hollis v. Harris*, 96 Ala. 288; *Montgomery v. Crossth-*

[Burgess & Co. v. Blake *et al.*]

*wait,* 90 Ala. 553; *Barclift v. Truce,* 77 Ala. 528; *Hill v. Nelms,* 86 Ala. 442; *Sharpe v. Orme,* 61 Ala. 263.

JOHN R. TOMPKINS, *contra.*

SHARPE, J.—Since the statute in effect inhibits the mortgaging of the wife's property as security for her husband's debt it will not in the absence of evidence be presumed that a mortgage which on its face appears to have been given as such security, embraces property of the wife, though her joinder therein be in form that of a mortgagor without being expressly limited to a relinquishment of dower. The burden was on the respondent Cynthia E. Blake to prove what land of hers, if any, was included in the mortgage sought to be foreclosed. This she attempted to do by introducing as evidence against complainant's objections a transcript from the record of a deed from Dreisback purporting to convey to her a part of the land and a deed from E. E. Blake to another part. The court erred in admitting the transcript. Under section 992 of the Code a transcript of a conveyance is admissible in evidence only when "it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript has not the custody or control thereof."—*Farrow v. Railway Co.,* 109 Ala. 448; *Hines v. Chancey,* 47 Ala. 637; *Hendon v. White,* 52 Ala. 597; *Florence, etc., v. Warren,* 91 Ala. 533.

The original deed of E. E. Blake accompanies the record for our inspection. Excepting an altered part, the entire instrument including certificate of acknowledgement and signatures of officers and parties is written in violet ink. In the descriptive clause a purple "W" is overwritten in black ink with the character "½." Folloying the W, a character we read as "¼" in order to supply sense to the clause as originally written, is nearly obliterated with black ink. The effect is to change that which was the S. W. ¼ of N. W. ¼ to S. ½ of N. W. ¼, thus increasing the amount of the land included by forty acres above that which was originally described. Another clause in the original writing specifies the total

[Burgess & Co. v. Blake *et al.*]

number of acres conveyed as 200 32-100 while the aggregate according to the change is 240 32-100 acres; and so an inconsistency is created which would most probably have been noticed and corrected had the alteration preceded execution of the deed.

Recognizing the principle as declared in *Sharpe v. Orme*, 61 Ala. 263, that an alteration in a deed will be presumed to have been made prior to its execution unless it be of a character to excite suspicion that it occurred thereafter, yet we are of the opinion, treating the question as one of fact, that this alteration must in the absence of explanatory proof be held to have been made after the deed was executed. Though it may have been made by the grantor for the purpose of conveying the additional forty acres and without fraudulent intent, yet for lack of the attestation or acknowledgment which the statute makes essential to a conveyance of land, no title to the added forty acres passed.

Unlike writings which evidence executory contracts, a deed so far as it operates as a conveyance, is not avoided by alteration. Having accomplished transmission of the title, the grantee is not divested of title by alteration of the deed however its covenants may be affected. The original instrument remains a muniment of title, and with or without explanation is evidence of title and may be used as such. The question of its admissibility was well decided in *Ala. State Land Co. v. Thompson*, 104 Ala. 570, where conflicting authorities are referred to and discussed. See also 2 Am. & Eng. Ency. Law, p. 204; *Burnett v. McCluey*, 78 Mo. 676. Objections made to the introduction of the deed were properly overruled, but the court erred in omitting from the decree of foreclosure the S. E. ¼ of the N. W. ¼ of Sec. 8, T. 3, R. 3, E. which was embraced in complainants' mortgage and which under our construction of the altered deed had never been conveyed to Mrs. Blake.

The decree will be reversed and the cause remanded.