## COTTLE v. SANDERS et al.

No. 4024.

Court of Civil Appeals of Texas. Texarkana.
May 27, 1931.

Rehearing Denied June 25, 1931.

H. N. Nelson and P. P. Long, both of Carthage, for plaintiff in error.

Woolworth & Baker, of Carthage, for defendants in error.

WILLSON, C. J. (after stating the case as above).

█ The legal effect of the failure (before it was executed and delivered) to express in the note a time for the payment thereof was to make it payable on demand. Section 7, art. 5932, R. S. 1925. The legal effect of the alteration accomplished by adding the words, "On or before October 1st," was to change the due date of the note. Hence the alteration was a material one. Section 125, art. 5939, R. S. 1925. The legal effect of materially altering a negotiable instrument "without the assent of all parties liable thereon" is to avoid it, "except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." Section 124, art. 5939, R. S. 1925. The note in question here having been altered in a material way after it was executed and delivered by appellees to appellant, it follows appellant was not entitled to recover thereon against makers thereof, if any, who did not consent to the alteration made. The jury found, in effect, that none of the makers except appellee Wade Sanders consented to the alteration. There being evidence to support the finding, except as to appellee L. M. Hunt, the judgment should be affirmed so far as it denied appellant a recovery of anything against appellees Barton, Anderson, and Underwood, unless there is merit in appellants' contention that the effect of section 14, art. 5932, R. S. 1925, was to authorize him to alter the instrument as he did. Said section, so far as it is material to the contention, is as follows: "Where the [negotiable] instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein." The contention is based on evidence showing that in making the note a printed form with blanks to be filled in was used. It will be noted that the authority conferred by the statute to fill blanks was prima facie only—meaning, evidently, that the existence of such authority was rebuttable by evidence to the contrary.

We agree with appellant in the contention presented by his ninth assignment, that it was error not to render judgment in his favor against L. M. Hunt for the amount of the note, instead of for one-fourth of the amount thereof. The judgment will be reformed accordingly, and as reformed will be affirmed.

On Motion of Appellant for a Rehearing.

██ We do not think the motion should be granted for any of the reasons set forth in it. (1) The burden of proving his case was on appellant, and it was not error for the trial court to so instruct the jury. Doubtless the burden of proving the note was altered as charged would have been on appellees had it not conclusively appeared the note was so altered. Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583. But it so appearing, the burden clearly was on appellant to prove that the makers he sought judgment against consented to the alteration. Dewees v. Bluntzer, 70 Tex. 406, 7 S. W. 820; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792; note to Burgess v. Blake, 128 Ala. 105, 28 So. 963, 86 Am. St. Rep. 78, note 128. (2) The findings of the jury numbered 1, 2, 3 and 4 were not conflicting. The one numbered 1 was not that all the parties who signed the note consented to the alteration, but (considered in connection with the finding numbered 2) was that only one of them, to wit, Wade Sanders, so consented. And so as to the findings numbered 3 and 4. Construed together, they were that Wade Sanders alone ratified appellant's act in altering the note. (3) The fact that the answer of appellees setting up the alteration in the note was sworn to by only one of them (to wit, Wade Sanders) was of no importance. It

was not necessary that it should have been sworn to by any of them. Ruiz v. Campbell, 6 Tex. Civ. App. 714, 26 S. W. 295. (4) The burden of proof being (as we have seen) on appellant to prove that appellees consented to the alteration, this court, after reading and considering the evidence, does not think it ought to say that the conclusion of the jury that appellant had not discharged the burden as to appellee Barton was unwarranted.

The motion is overruled.