## COOPER v. HAMPTON.

### No. 4953.

Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1938.

Rehearing Denied Jan. 16, 1939.

W. D. Hollars, of Vernon, for appellant.

Jesse Owens, of Vernon, for appellee.

FOLLEY, Justice.

This suit was filed by the appellant, Louise H. Cooper, September 23, 1937, against the appellee, E. W. Hampton, upon a promissory note executed by E. W. Hampton in the sum of $3,000, dated July 1, 1930, payable to the order of R. M. Hampton, and transferred to the appellant. E. W. Hampton and R. M. Hampton are brothers and the appellant is their sister. R. M. Hampton intervened in the suit in the trial court but is not a party to this appeal.

The appellee defended the suit upon the note by a special plea of limitations, asserting by a trial amendment that the original due date of the note in question was changed without his knowledge or consent from July 1, 1933 to October 1, 1933, and that more than four years had elapsed between the original maturity date of the note and the date of the filing of appellant's petition. The cause was submitted to the jury and the jury found that the due date of the note had been altered as contended by the appellee without his knowledge or consent. Upon such finding the court rendered judgment for the appellee denying the appellant any recovery against the appellee upon the note. From such judgment the appellant brings this appeal, asserting that as an innocent holder of the note and not a party to the alteration, she was entitled to recover upon the note.

The only issue submitted upon the question of alteration was Issue No. 1, which inquired of the jury if the due date of the note was changed from July 1, 1933 to October 1, 1933, without the knowledge or consent of E. W. Hampton. This issue was answered in the affirmative. No complaint is made by the appellant of the court's failure to submit any other issues in connection with the alteration of the note. R. M. Hampton admitted that the alteration in question was in his handwriting. He testified that the change was made at the request of the appellee at the time the note was executed. This was denied by the appellee, who testified that the note was originally due three years after its date, and that he neither had knowledge of the change nor consented thereto. The jury evidently accepted appellee's version of the matter, although the issue submitted did not specifically inquire of the jury whether the alteration was made before or after the execution of the note, or before or after its transfer to the appellant. It becomes our duty, however, where the evidence justifies it, to resolve all facts not found by the jury in favor of the validity of the judgment.

The note was transferred by R. M. Hampton to the appellant in August, 1930. The appellant testified that the note was in the same condition at that time as it was at the time it was introduced in evidence. She further testified that it had been in her possession at all times since August, 1930. The testimony showed that at the time the note was introduced in evidence it showed on its face that the due date had been altered. Although the appellant testified she had no knowledge of such alteration, there was no issue submitted to the jury to support her uncorroborated testimony in this respect. Section 124 of article 5939, Vernon's Annotated Civil Statutes of Texas, provides that when a "negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration * * *." Section 125 of this article provides that the changing of the time or place of payment is a material alteration. Therefore, that the changing of the maturity date of a negotiable instrument is a material alteration within the terms of the statute, is not open to controversy. Cottle v. Sanders et al., Tex.Civ.App., 40 S.W.2d 979; Caldwell Nat. Bank v. Reep et al., Tex.Civ. App., 188 S.W. 507 writ refused; Miller v. White et al., Tex.Civ.App., 112 S.W.2d 487 writ dismissed; 3 C.J.S. Alteration of Instruments, 913, § 7.

The contention of the appellant that she should be allowed to recover upon the note regardless of the alteration on the theory that she was a holder in due course must fall for two reasons. First, there is no finding by the jury that she was a holder in due course under the provisions of article 5935 of Vernon's Annotated Civil Statutes of Texas, and the evidence is controverted upon such issue since the face of the note revealed the alteration. Secondly, granting that she was a holder in due course, under section 124 of article 5939, supra, she would be permitted to enforce payment only according to the original tenor of the instrument. As found by the jury upon sufficient evidence, the original maturity of the note was July 1, 1933. It is therefore apparent that more than four years elapsed between the original maturity date of the note and the filing of plaintiff's petition on September 23, 1937. Such being true, the appellee's plea of limitation necessarily barred recovery upon the note in its original form. (Vernon's Ann.Civ.St. art. 5527).

The appellant further contends that she should be allowed to recover upon the note because the appellee knew the original due date of the note to have been July 1, 1933, and concealed such fact from the appellant when it was his duty to have revealed to her such information. The only evidence in the record to this effect was from the appellant herself. She testified that in September, 1937, she discussed the maturity date of the note with the appellee; that during such conversation either the appellant or the appellee mentioned the fact that the note would be "out the first of October." This is all the testimony upon which the appellant bases her claim of fraud. We think such evidence was entirely insufficient, and, should it have raised the issue of fraud, no such issue was requested or submitted to the jury, and no finding made thereon. Moreover, at the time of the alleged fraud, the note, according to its original tenor, was then barred by limitations. Under the facts and circumstances in this case and in view of the findings of the jury, we think the court was

warranted in rendering judgment against the appellant.

Finding no reversible error·in the record, the judgment of the trial court is affirmed.