### CLEM LUMBER CO. v. BARNETT.

No. 5889.

Court of Civil Appeals of Texas.
Texarkana.

Jan. 22, 1942.

Kennemer & Armstrong, of Dallas, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, and Jackson & Stell, of Sulpher Springs, for appellee.

WILLIAMS, Justice.

In the findings of fact filed, the court found that at the time J. M. Barnett, defendant below, signed and delivered the note payable to Clem Lumber Company, plaintiff below, being the note sued upon, "There was no provision in the note as to any rate of interest; that after the note was signed and delivered, it was altered and changed by the insertion of the figure '8' in the blank space where no rate of interest was provided;" and "that the note was materially altered and changed after insertion and delivery thereof, without the consent and knowledge of J. M. Barnett." The court concluded as a matter of law that the alteration of the note as to the interest stipulation of 8%, being placed therein, was material alteration. Grounded on above findings of fact and the conclusion of law, the court entered judgment which denied plaintiff a recovery upon the note. Sec. 124, Article 5939, Vernon's Texas Civil Statutes, reads: "Where a nego-tiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration * * *." Section 125, Article 5939, supra, reads: "Any alteration which changes: * * * (2) The sum payable, either for principal or interest * * * is a material alteration." Appellant seeks to avoid the legal effect of above-quoted portion of Section 125 by asserting under the first point presented: "That the delivery by defendant to plaintiff of the note on a printed form with a blank space for a rate of interest constituted authorization to plaintiff to insert a figure as a rate of interest," and invoke in support thereof that portion of Section 14, Article 5932, R.C.S., which reads: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. * * *"

Section 14, supra, further provides: "In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given * * *." The position taken by appellant under point one is a tacit admission that the note was changed after its delivery by the addition of the figure "8" in the interest clause. And further, appellant did not attack the court's finding that such addition was made after its delivery. The court further found that this change was so made without the consent and knowledge of the defendant. No assignment of error attacks this finding of fact. This record does not disclose an understanding had between plaintiff and defendant either before or after its delivery under which plaintiff was authorized to alter or add to the provisions of the note after its delivery. Under the above-mentioned observations, the action of the trial court will not be disturbed. Sections 124 and 125, Article 5939, supra; Cottle v. Sanders, Tex.Civ.App., 40 S.W.2d 979.

Closely related to above point, appellant now asserts under the second point that the alleged alteration or addition to the note sued upon not being apparent upon its face, the burden of proof rested upon defendant to prove such alteration; and that the proof introduced was hearsay and therefore incompetent to prove the alleged alteration. The evidence heard in the trial

court upon the alleged alteration as claimed by defendant and upon which the court found the facts first above set out, came from the lips of plaintiff's witness. This witness detailed, in part at least, the testimony that had been given by the defendant in the trial of this cause in the Justice's Court. The record discloses no objection then urged to its admissibility. The record discloses that this testimony was introduced by plaintiff in this trial de novo in the County Court. Under such a condition of the record, this court would not be warranted in disturbing the findings of fact made by the court and the judgment entered. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas. 1913C, 1138.

The judgment of the trial court is affirmed.