## P. M. GARRETT v. T. H. McMAHAN & Co.

| 34 | 307 |
| 91 | 111 |
| 91 | 112 |

1. Plaintiffs sued defendant for some $3500 on accounts rendered. Defendant answered that on a settlement of the accounts with plaintiffs he was indebted to them only some $1040. *Held*, that there was no error in permitting the plaintiffs to read to the jury this averment of the answer, as an admission. To have excluded it would have carried too far the rule requiring the *allegata* and the *probata* to correspond.

2. In an attachment suit for some $3500, the defendant reconvened in damages for the wrongful suing out of the attachment. The verdict was for the plaintiffs for " the sum of $1172; each party paying equal part of the costs of suit." *Held*, that the jury had no authority to apportion the costs, and there was no error in rendering judgment in favor of the plaintiffs for all the costs. (Paschal's Digest, article 1483.)

3. The attached property had belonged to the defendant's son, who had died without wife or child, leaving defendant his sole heir ; who took possession of the son's estate, without administering upon it until after it was attached. There was some evidence tending to show that there were debts against the estate, but to what amount was not shown; nor was it proved that there was not other property of the estate, besides that attached, sufficient to pay the debts. The plaintiffs obtaining a verdict for their debt, it is *held*, that they were entitled to have the property sold to satisfy their judgment. But it seems, that if it had been proved that the property attached was necessary for the payment of debts due by the estate of the deceased, the attachment would have been defeated.

ERROR from Colorado. Tried below before the Hon. L. Lindsay.

The facts are clearly indicated in the opinion of the court.

*Foard, Thompson & McCormick*, for the plaintiff in error.

No brief for the defendants in error.

WALKER, J.—Plaintiff sued in the district court to recover the sum of one thousand and twenty-five dollars and twenty-five cents, with ten per cent. interest from the thirtieth of June, 1869, in

gold; and the sum of $2402, currency. The suit was commenced by attachment.

On the trial, the plaintiff read in evidence to the jury so much of the defendant's answer as admitted the sum of $1,040 77, to be due the plaintiff on the 26th of March, 1869. The defendant plead in reconvention of damages. The cause went to a jury, who returned a verdict for the plaintiff, which reads as follows: "We, the jury find for the plaintiff the sum of $1,172 59, each party paying equal parts of the costs of suit." On this verdict the court rendered a judgment against Garrett for the amount of the verdict and all the costs of suit.

From this judgment Garrett, the defendant below, brings the case to this court on writ of error. Several grounds of error are assigned.

First, it is urged that the plaintiff, having sued upon an open account, could not recover upon an account stated. The second error assigned, as well as the third, all apply to this ground. The fourth is that the court erred in refusing to apportion the costs in the manner pointed out by the verdict. Fifth, because the court ordered a sale of the attached property. Sixth, because the verdict is excessive.

The record shows that the plaintiff read in evidence that portion of the defendant's answer which admitted an indebtedness, and the jury probably found their verdict upon this admission.

We do not think the ground of error well taken. To apply the doctrine of the necessary correspondence between *allegata* and *probata*, would be carrying it to an unnecessary extent. The plaintiff's case was so far made out by the defendant's pleading, and the averments in the petition were sufficient to cover it.

Article 1483, Paschal's Digest, enacts that "in all cases where judgment shall be given for the plaintiff, if not otherwise provided by law, he shall recover his costs against the defendant, and have execution for the same." The jury cannot make law. In this

case, that portion of their verdict which attempted to apportion the costs between the parties was the usurpation of a province which did not belong to them. The court had a right to treat it as surplusage, and enter the judgment which the law required.

But a more difficult question for solution is presented under the fifth assignment of error. The property attached had formerly belonged to Joseph Garrett, the son of the defendant, and was attached upon a debt owed by his father, P. M. Garrett. Joseph died, leaving neither wife nor child. His father was his sole legal representative, in whom the property of Joseph vested immediately on his death, subject to the payment of his debts. The father took possession of the property, without administration until after the commencement of this suit.

Had it been shown upon the trial that the estate of Joseph Garrett was in debt, and that the property was necessary to pay his debts, this would have undoubtedly defeated the attachment. There was some proof in the evidence of T. C. Thompson, that the estate of Joseph Garrett was in debt, but to what amount there was no showing, nor was it shown that there was not other property sufficient to pay the debts.

We find no errors in the judgment or rulings of the district court to warrant the reversal of the judgment; it is therefore affirmed.

Affirmed.