JUAN FLORES v. J. S. COY ET AL.

(No. 1233, Op. Book No. 2, p. 489.)

ERROR from Webb County.  Opinion by HURT, J.

§ 804. *Judgment; on appeal from justice's court; costs, how adjudged; jury cannot adjudge costs.* Flores sued Coy in justice's court on a note for $195, and recovered judgment for the full amount of the note and for costs. Coy appealed to the county court, and in that court the jury rendered a verdict in favor of Flores for the amount of his note, but decided that he should pay Coy $10 damages and all the costs of the suit. The court rendered

judgment upon this verdict against Coy *alone* for the amount of the note, and against Flores for the $10 damages and all costs of suit in both the courts. *Held*, "the successful party to a suit shall recover of his adversary all costs expended or incurred therein, except where it is or may be otherwise provided by law." [R. S. 1424.] "In cases of appeal or *certiorari* taken by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below. If the judgment be against him for the same amount, or greater than in the court below, the adverse party shall recover the costs of both courts." [R. S. 1432.] This is mandatory, and no jury has the right to say by their verdict that a party other than the one provided by law shall pay the costs or any part thereof. [Garrett v. McMahan, 34 Tex. 307.] "The court may, for good cause stated in the record, adjudge the costs otherwise than as provided" in the articles cited, but in no case does the law allow the *jury* to say who shall pay the costs; and when the costs are adjudged by the court otherwise than is provided by law, the cause why this is done must appear of record. The verdict of the jury as to the costs was illegal and should have been set aside. The court erred also in not rendering judgment in favor of Flores against the sureties upon Coy's appeal bond for the amount of his note, less the $10 damages found in favor of Coy.

January 28, 1882.        Reversed and rendered.