.J. F. McClellan, Appellant, vs. J. C. Solomon, Appellee.

23 437
c45 599

23 437
57 343

1. The undivided interest of an heir in land may be attached pending the administration of the estate of which the land is a part. The levy of the writ of attachment does not dispossess the administrator, nor interfere with the administration of the estate.

2. Where one of several heirs is also the administrator of the estate of the person from whom they inherit, the other heirs have no equitable lien on his interest in land of the estate for the payment of a claim they may have against him on account of his fraudulent administration of the estate.

3. The lien of a judgment rendered in an action at law, dates, as to property previously attached in such action, from the time of the levy of the writ of attachment, and the levy is constructive notice from its date to all subsequent purchasers from the defendant in attachment. This is so though the property at the time of the levy was held by a third person, not a party to the suit, under a fraudulent conveyance from the defendant in attachment.

4. A plaintiff in an action at law against his debtor may levy a writ of attachment on the undivided interest of the latter in land held by a third person under a fraudulent conveyance from the debtor, and on obtaining judgment may sell such interest, and the purchaser may in an action of ejectment brought by him to recover this interest from the person in possession raise the question of the fraud in the conveyance from the debtor.

5. Where a bill is filed by creditors having no judgment or other lien, to set aside a fraudulent conveyance, and a decree is obtained and an undivided interest in land so conveyed is sold as the property of the fraudulent grantor, and subsequently the same undivided interest is sold under a judgment against the fraudulent grantor rendered subsequently to such decree, but in an action in which a writ of attachment had been levied on such interest prior to such decree, the title acquired by the purchaser at the judgment sale relates back to the levy of the attachment, and is superior to that of the purchaser at the sale under the decree, or to that of the vendee of the latter purchaser.

6. Where in an action of ejectment one of the parties claims title purchased at a sale under a judgment against a fraudulent grantor, and the other claims title purchased at a sale under a decree against the same grantor, which decree adjudged the conveyance fraudulent and subjected the land to sale as the property of such grantor, the introduction in evidence, or admission by the latter party of the decree and proceedings upon which it is founded, relieves the former from making proof of the fraud in such conveyance.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*John W. Malone* for Appellant.

*D. L. McKinnon* for Appellee.

Mr. Justice Raney delivered the opinion of the court :

Action of ejectment by Appellee vs. Appellant. Plea of not guilty. The case was submitted to the court without a jury.

The facts in this case, which were agreed on by the parties, are substantially as follows : That appellee is in possession of the lands, the one-fifth interest in which is sued for, containing two hundred and forty acres, and that said land constituted a portion of the real estate left by Grissom C. Bird, who died intestate in Jackson county, on the 11th of October, 1862. John S. Bird, a son of said Grissom C. Bird, and one of his heirs, was appointed his administrator, and qualified as such on the 10th day of August, 1864. That John S. Bird, on the 2d of December, 1867, upon petition filed in the County Court of Jackson county, therein setting forth that a sale of the real estate of Grissom C. Bird, deceased, was necessary in order to pay the debts of said estate, and that said Grissom C. Bird left a considerable personal estate, but that all of it had

been consumed in paying the debts of said estate and the costs of administration, obtained an order from the County Judge of said county for leave to sell the real estate of said Grissom C. Bird, deceased, including the lands above mentioned; that said John S. Bird, on the 6th of January, 1868, offered said real estate at public sale, and that it was bid off by D. C. Dawkins, and subsequently deeded by said Dawkins to Mary J. Bird, the wife of John S. Bird; that George W. Jones, on the 5th of January, 1882, instituted a suit in the Circuit Court of Jackson county against the said John S. Bird individually, and on the same day caused an attachment to issue in said suit, and on the next day said attachment was levied on the one-fifth individual interest of John S. Bird in said lands; that William C. Bird, Ellen M. Bradwell, Martha Reagan, and the administrator of Charles M. Compton, deceased, the said Mary, Ellen, Martha and Charles being also heirs of Grissom C. Bird, instituted on the 21st of July, 1882, a suit in chancery in the Circuit Court of Jackson county against the said John S. Bird as administrator of Grissom C. Bird, and Andrew Scott as administrator of Mary J. Bird, and charged in their bill that the sale of the lands to D. C. Dawkins and Mary J. Bird was fraudulent, that the personal property of Grissom C. Bird, deceased, was more than sufficient to pay all the just debts and liabilities at the time of his death, and that John S. Bird had, by various misrepresentations, endeavored to defraud his co-heirs out of their share of said estate; that the sale of said real estate was not necessary to pay the debts of said estate, and that John S. Bird, in consequence of his mal-administration of the estate, was indebted thereto in the sum of $4,077.76, and prayed that the sale of the lands to D. C. Dawkins and to Mary J. Bird be set aside as fraudulent and void; that on the 26th of January, 1883, the Chancellor made an interlocutory decree in

said cause, declaring the sale of said lands to Dawkins and Mary J. Bird fraudulent and set the sale aside, and on the 22d day of March in the same year made a final decree adjudging and directing that said lands be sold by Frank Philips, Master, and that said Master pay over the proceeds of said sale equally to the heirs, except the share of John S. Bird, which should not be paid to him until he paid his indebtedness to said estate, and upon his failure to do so for thirty days then his share to be equally divided among the other heirs; that said Master on the 7th of May, 1883, sold said lands in pursuance of said decree to William C. Bird for $1,000, and divided the proceeds arising therefrom among the heirs of Grissom C. Bird, except John S. Bird, who failed to pay his indebtedness to said estate, and on the 30th of May, 1883, the Chancellor made a decree confirming the sale of said lands; that George W. Jones on the 14th of November, 1883, obtained a judgment against said John S. Bird in his said suit for $2,367.69, and on the 23d of November, 1883, caused an execution to be issued and levied upon the undivided interest of said John S. Bird in said land; that on April 7th, 1884, said undivided interest was sold by the Sheriff of said county by virtue of said execution and was purchased at the sale thereof by the appellant for $150, and a deed thereto was executed to the appellant—bearing date April 7th, 1884, and recorded in the records of Jackson county on the 12th of December, 1885; that appellee on the 16th of March, 1885, purchased the said lands of William C. Bird and received from him a deed of same date, which was recorded on the 18th of May, 1885; that appellee had notice of the sale of the undivided one-fifth interest of John S. Bird in the lands under the execution of said George W. Jones at the time he purchased the lands from Wm. C. Bird. The appellant received no deed from Andrew Scott as Sheriff

for said lands under his purchase at the execution sale there-
of until after the purchase of the lands by appellee and the
recording of the latter's deed; but appellee had notice of
appellant's purchase.  That George W. Jones was not a
party to the suit of Wm. C. Bird and others against John
S. Bird and Andrew J. Scott, as administrators respectively,
of Grissom C. Bird and Mary J. Bird.  The court found
for the appellee.  The appellant moved for a new trial on
several grounds which it is unnecessary to set forth at
length.  The court denied the motion and appellant ex-
cepted.  The errors assigned are:

1st. Court erred in overruling the appellant's motion for
a new trial.

2d. The court erred in rendering a judgment in favor of
appellee against appellant.

Begarding the question as involved we can see no reason
why such interest should not be levied on by attachment.
It is true that the levy was subject to be defeated if it
should be found necessary to resort to the land to pay
the debts of the intestate, but the levy of the attach-
ment on land does not dispossess the administrator,
McC.'s Dig., §18, p. 114; nor would it interrupt or inter-
fere with the administration of an estate in any way.
Upon authority, however, as well as principle, such an in-
terest is attachable.  Proctor vs. Newhall, 17 Mass., 81;
16 Ohio, 271; Freeman on Executions, §183.

Another question is, can this lien, so created, be subor-
dinated to the claim of the co-heirs of the defendant in at-
tachment, who is also the administrator of the estate of
their deceased father, arising to them from the fraudulent
administration of the estate by such co-heir and adminis-
trator?  This could be done only on the theory that where
one of the heirs to an estate is the administrator thereof,
that his co-heirs have an equitable lien on his interest for

the payment of their respective shares.  We have been un-
able to find such a principle.  He stands, it is true, in the
relation of a trustee to his co-heirs, but no lien arises from
this relation on his undivided interest in the estate for any
liability or indebtedness to them which he may, by mis-
management of his trust, incur.

As William C. Bird and the other complainants in the
chancery suit instituted for setting aside the fraudulent
sale made by the administrator, John S. Bird, had no lien
on John S. Bird's individual interest as an heir in the
land, their decree setting aside the sale to Dawkins and the
conveyance to John S. Bird's wife, gave them no priority
over any other creditor for satisfaction of their claim out
of his interest in the land.  Bump on Fraudulent Convey-
ances, 552; Freeman on Executions, §434; Day vs. Wash-
burne, 25 Howard, 552; Robinson vs. Stewart, 10 N. Y.,
89; 2 Ind., 189 and 642.  At the time this decree, as well
as when the subsequent one in the same cause for the sale
of the land and application of the proceeds of John S.
Bird's interest to his indebtedness to the complainants
therein was made, the attachment in Jones' action had
been levied upon the land.  It was competent for Jones to
do this, and proceed to judgment and sell the land; and
after a sale under such judgment for the purchaser at such
sale to raise the question of fraud in the sale to Dawkins
and conveyance to Mrs. Bird.  Bump, F. C., 517, 518;
Freeman on Judgments, §350; Chetauqua Co. Bank vs.
Risley, 19 N. Y., 369; Scott vs. Purcell, 7 Blackford, 66.
The interest was attachable.  Proctor vs. Newhall, 17
Mass., 81; Lessee of Douglass vs. Massie, 16 Ohio, 271;
Freeman on Executions, §183.  Upon the assumption that
the sale to Dawkins, and his conveyance, were fraudulent,
the lien of Jones' judgment relates back to the date of the
levy of the writ of attachment as against John S. Bird,

Dawkins and Mrs. Bird, and any one claiming *under them,* *or any of them,* who is not a purchaser for value and without notice of the fraud. There is no such purchaser, for William C. Bird did not purchase from any grantee of John Bird, nor did he purchase without notice of the fraud, but he not only purchased the undivided one-fifth interest in controversy as the property of John S. Bird, but did so (as we must necessarily conclude from the above statement of the facts) with full knowledge of the fraud. The appellee, Solomon, does not claim title under any fraudulent grantee of John S. Bird, but does claim title mediately under John S. Bird, and not only did he have, before purchasing, knowledge of the execution sale under Jones' judgment, which may have been sufficient to put him on actual notice of the fraud and the attachment, but the judgment, relating, as it does, back to the attachment, was to W. C. Bird, and these being constructive notice to both of them of the lien of the attachment (Budd vs. Long, 13 Fla., 288) the appellee is bound by it, unless there is something in the law applicable to this particular class of cases which deprives the attachment or judgment of its effect as such notice. Any one purchasing under the decree of sale in the chancery cause, was bound to take notice of its contents and effect, and from the statement of the case it is clear that the decree of sale recognized John S. Bird as having an interest in the land, and proposed to subject its proceeds to the payment of his debt to the complainants, if he did not otherwise satisfy such indebtedness. Any person who might purchase was bound to take notice of any prior legal lien on the land or on the interest of any part owner thereof. It may be admitted that the decree of sale became a lien from its date, March 22, 1883, or, for the sake of argument, if desired, from January 26, of the same year, when the decree setting aside the administra-

tor's sale and the conveyance to Mrs. Bird was made ; no more can be claimed. The purchaser under this decree was bound to take notice of all prior liens against the interest in question, and assuming the fraud spoken of and ascertained by the decree of January 26, the attachment by Jones was a legal lien upon the undivided interest of John S. Bird. As Jones recovered a judgment the lien thereof relates back to the levy of the attachment and appellant's title is consequently superior to the title of the appellee which is founded on a decree subsequent in time and effect to the Jones' attachment, though prior in time to his judgment. Drake on Attachment, sec. 221; Lambert vs. Kipp, 9th Fla., 60. Though not satisfied that prior to the recovery of a final judgment against the fraudulent grantor, an attachment is a basis for proceeding, even in equity, to set aside an alleged fraudulent conveyance of *real estate*, we still do not doubt, that whenever there has been such final judgment ascertaining the indebtedness, the judgment lien relates back to the date of the levy, as against the judgment debtor and his fraudulent grantee, or as against any one purchasing the real estate as the property of the judgment debtor subsequent to the attachment, as was the case here ; nor have we any doubt that the title of the purchaser at a sale under the judgment dates as against such parties from the date of the levy of the attachment. McMinn vs. Whelan, 27 Cal., 300 ; Bagley vs. Ward, 37 Cal., 121; Wilson vs. Forsythe, 24 Barbour, 105 ; Dodge vs. Griswold, 8 N. H., 425 ; Owen vs. Dixon, 17 Conn., 492; Weil vs. Lankins, 3 Neb., 384; Chetauqua vs. Risley, 19 N. Y., 369.

Under the agreement as to the facts of this case the appellee may be considered as having introduced the decree declaring the conveyance a fraud ; no further proof of it was necessary. 19 N. Y., 369. Whether we regard the decree as one setting it aside as void as to creditors, or as a

fraud upon the other heirs simply as heirs, it is a part of his title.

The judgment is reversed and a new trial granted.