## Joseph Schmidt v. S. P. Huff et al.

### No. 1103.

1. **Judgment—Directing Issuance of Execution.**—The issuance of an execution follows as a necessary consequence from the rendition of a judgment for costs, although execution be not awarded in express terms.

2. **Judgment Against Administrator – Execution Thereunder.**—Judgment against an administrator, as such, does not authorize the issuance of an execution, and a sale thereunder of the property of the estate.

3. **Pleading—Trespass to Try Title—Ouster.**—Plaintiff's original petition in trespass to try title alleged ouster on January 1, 1886. After the filing of his suit he acquired additional title through a sheriff's sale and deed of the land, and thereupon amended his petition and abstract of title filed in the cause by showing such sale, but alleged the ouster as of the former date. *Held*, immaterial that plaintiff did not allege the ouster at a later date, even though he should prevail on the strength of the later title.

APPEAL from Wilbarger.　Tried below before Hon. G. A. Brown.

*L. C. Barrett*, for appellant.—1. The judgment and execution from the Supreme Court were admissible in evidence over the objections that the judgment ordered no execution, but only directed that it be certified below for observance, and the further objection that plaintiff's amended petition was not sufficient to admit the subsequently acquired

title under the execution sale. Rev. Stats., art. 1058; Hammond v. Connolly, 63 Texas, 63; Brown v. Renfro, 63 Texas, 600; Laughter v. Seela, 59 Texas, 177; Edwards v. Barwise, 69 Texas, 85; McKamey v. Thorp, 61 Texas, 648; Collins v. Ballow, 72 Texas, 332; Hart v. Mc-Dade, 61 Texas, 211, 212; Roberts v. Conlee, 8 S. W. Rep., 629; Freem. on Ex., sec. 23.

2. In order to introduce an after acquired title, it is not material when the ouster is alleged by the amendment. Ford v. Ballard, 21 S. W. Rep., 146.

*Eugene Easton* and *Frank McGehee*, for appellees.—The evidence of the sale under execution from the Supreme Court was properly excluded; because it was, if anything, an after acquired title, and plaintiff's petition and amendment both alleged ouster long prior thereto; and because the judgment merely directed that it be certified below for observance, and there was no authority for an execution against any one. Rev. Stats., arts. 2018, 2024–2026; Cunningham v. Taylor, 20 Texas, 126.

TARLTON, CHIEF JUSTICE.—This is an action of trespass to try title, in which the appellant was plaintiff in the court below, and the following named persons were defendants: S. P. Huff, administrator of the estate of W. R. Morrison, deceased; W. R. Morrison, Sr., Mary L. Foster, A. L. Foster, Jane E. Hoffman and her husband, J. E. Hoffman; James N. Morrison, H. E. Morrison, heirs of W. R. Morrison, deceased; M. A. Byers, widow of C. M. Byers, now the wife of E. Powers, her codefendant, Mrs. Powers being sued in her individual capacity and also as the administratrix of the estate of C. M. Byers, deceased; Blanche, Pearl, and Willie Byers, minor heirs of C. M. Byers.

The land in controversy is a tract of 320 acres, the south half of section 20, block 12, surveyed by virtue of land scrip number 610, issued to the Houston & Texas Central Railroad Company, situated in Wilbarger County. This section is part of the domain set apart for the public schools of the State.

Prior to October 7, 1885, P. J. Willis & Bro. were judgment creditors of C. M. Byers, and on this date the land in controversy was sold at execution sale by virtue of the judgment of Willis & Bro., the appellant Schmidt becoming the purchaser. This sale is the original source of Schmidt's claim.

His contention is that, at the date thereof, the land was the community property of C. M. Byers and his wife, M. A. Byers, and was such because of the following alleged facts: That W. R. Morrison procured one W. A. McKinney to apply to the State, and to purchase from it the land in suit; that he procured from McKinney a deed

thereto; that the money which was paid by McKinney was in fact furnished by C. M. Byers, an insolvent debtor of Willis & Bro., who, with the intent to defraud his creditors, conspired with Morrison, and thus took the deed in the name of the latter, with the understanding that the land should be held for his own benefit.

The claim of Mrs. M. A. Byers (now Mrs. Powers) is founded upon the alleged facts, that the money furnished McKinney to make payment on the land was of her separate and individual funds; that Morrison took the deed from McKinney with the understanding that Mrs. Byers was to have title to 190 acres of the south end of the section, and that Morrison executed to her a deed, with recitals to her own use and benefit, conveying the land.

The claim of the administrator and of the heirs of W. R. Morrison, deceased, is founded upon the alleged facts, that on September 23, 1883, W. A. McKinney, as an actual settler upon the whole of section 20 (the south half of which is here in controversy), applied to purchase it from the State, under section 5 of the Act of 1883, providing for the sale of school lands; that Morrison out of his own funds furnished McKinney with the money with which to make the first payment on the whole section, in consideration of which, in accordance with an agreement previously made, McKinney executed a deed to Morrison, conveying the south half, on July 21, 1883, and that subsequently, on July 22, 1886, after Morrison's death, he executed a second deed to his administrator; that the State on September 25, 1888, patented the land in controversy to the heirs of W. R. Morrison, whose administrator has since the death of Morrison paid to the State all the principal and interest due on the land.

The original petition in this case, alleging an ouster on January 1, 1886, was, it seems, against John Talbert, administrator of the estate of W. R. Morrison, deceased, as sole defendant. An appeal from the judgment in favor of the defendant having resulted in an order reversing and remanding the cause (74 Texas, 451), plaintiff, on November 11, 1890, filed his sixth amended petition, alleging the same date of ouster, making S. P. Huff, succeeding Talbert as administrator of W. R. Morrison's estate, together with the remaining parties above named, defendants in the case. A trial in the District Court again resulted in a judgment against the plaintiff, which, on appeal, was reversed by our Supreme Court, remanding the cause. 19 S. W. Rep., 131.

On the latter appeal a judgment for costs was rendered by the Supreme Court in favor of the appellant against S. P. Huff, administrator of the estate of W. R. Morrison, deceased, Mary L. and A. L. Foster, Jane E. and J. E. Hoffman, W. R., H. E., and J. W. Morrison, M. A. Byers, administratrix of the estate of C. M. Byers, Joseph Hull, guardian ad litem of the minors Willie, Pearl, and Blanche Byers.

In the interval between the reversal by the Supreme Court and the trial in the District Court resulting in the judgment from which this appeal is taken, an execution for costs was issued upon the judgment of the Supreme Court and against the parties therein named, followed by a levy upon the land in controversy as the property of the defendants, and sale at public auction by the sheriff to the appellant on the first Tuesday in August, 1892, and a sheriff's deed on the same date, conveying to the appellant the right, title, and interest in the land of the defendants first named.

Thereafter, on August 22, 1892, plaintiff filed his seventh amended petition, alleging, as before, the date of the ouster as on January 1, 1886. On August 23, 1892, plaintiff filed an amended abstract of the title under which he claimed, containing, among other muniments, the judgment of the Supreme Court, the execution and return, and the sheriff's deed above alluded to.

We think that the court erred in excluding for any and all purposes from the evidence, over the objection of appellant, the foregoing instruments. To them several objections were urged:

1. That the judgment did not authorize the issuance of the execution. The issuance of the execution followed as a necessary legal consequence from the rendition of the judgment for costs. Rev. Stats., art. 1058; Freem. on Ex., sec. 23.

2. That the judgment against S. P. Huff and M. A. Byers, as administrators, would not authorize the issuance of the execution against them as such, and the sale thereunder of the property of the estates represented by them. The objection, to this extent, was, we think, well taken.

3. That the judgment did not authorize the issuance of execution against M. A. Byers individually. This objection, we think, was also well taken; but it does not follow that the execution against the named heirs of W. R. Morrison was invalid. We think that a valid levy upon their interest, and sale thereof, would and did convey their title, whatever it may have been; and we are unable to say that, had the plaintiff been permitted to show that he had obtained the title of the heirs of W. R. Morrison in this land subject only to administration, it would have been immaterial. Brown v. Renfro, 63 Texas, 600; Freem. on Ex., sec. 183; Laughter v. Seela, 59 Texas, 177.

4. That the defendants' entry having been alleged as of date January 1, 1886, the title acquired since the institution of the suit could not be relied upon by the appellant. We think that the amendment of 1892, with the amendment by the plaintiff of his abstract of title, as already indicated, was, with reference to this feature of the appellant's claim, the institution of a new suit, which he could urge by amendment, subjecting him to costs if he should prevail exclusively upon the strength of that title; and that the fact that the date of the

alleged ouster was previous to the acquisition of this title would not affect the result thus stated. Jenkins v. Adams, 71 Texas, 1; Collins v. Ballow, 72 Texas, 332; Ballard v. Carmichael, 83 Texas, 355; Ford v. Ballard, 1 Texas Civ. App., 376.

For these reasons, without considering other questions presented, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 12, 1894.