## LOUISE FRANKE ET AL. V. THE LONE STAR BREWING COMPANY.

Delivered October 21, 1897.

**1. Judgment Lien—Indexing Abstract of Judgment.**

A lien on the land of a judgment debtor is fixed where, in an abstract of the judgment, which is in favor of "The Lone Star Brewing Company," the plaintiff's name is correctly stated, although, in indexing, it is placed under the letter L, as "Lone Star Brewing Company," instead of under the letter T.

**2. Same—Attaches to Inherited Interest in Land.**

The lien of a judgment fixes itself, on the subsequent death of the judgment debtor's father, on such interest in the real property left to him by his father as he would be entitled to on a partition of the land with the other heirs.

**3. Same—Not Affected by Settlement Between Heirs.**

The interest of a judgment debtor in the land left him by his father in a county where the judgment has become a lien, is not affected by settlement between him and the other heirs by which he conveys to them his interest in certain parts of the land on their conveyance to him of another part and paying him a certain amount in cash.

**4. Same—Lien Subject to Advancements to Debtor.**

An execution creditor who purchases at a sale under execution the undivided interest of the judgment debtor in land descending from the latter's father, takes such interest in the land as remains after making proper allowances for advancements to the judgment debtor in the father's lifetime.

**5. Same—Advancements Chargeable Against Both Realty and Personalty.**

Advancements made to a judgment debtor during his father's lifetime should be deducted proportionally from real estate and money left by the father on his death, in determining the amount of land descending to the judgment debtor on which the judgment will be a lien.

APPEAL from Washington.  Tried below before Hon. E. R. SINKS.

*Beauregard Bryan,* for appellants.—1.  When advances are made by a parent to a child, who afterwards becomes an heir, a judgment lien will not attach to the real estate share in the estate he might have inherited if he had not received advancements, but will only attach to the actual interest he is shown to have in the realty of the estate; and where it is shown, as in this case, the advances were in excess of the share he might have inherited, then a judgment lien can attach to no portion of the realty of the estate of the deceased parent.  1 Am. and Eng. Encyc. of Law, 216; Black on Judg., sec. 420; Oxsheer v. Nave, 40 S. W. Rep., 7.

2.  The court erred in holding that the lien of plaintiff could attach to any of the real property inherited by C. Minkwitz, Jr., before the heirs settled with their coheir C. Minkwitz, Jr., for advances made to him by their father, because until the interest of said C. Minkwitz, Jr., was ascertained and set apart to him he had no such interest as a lien could attach to.

3.  To constitute a valid lien for a recorded judgment, it must be indexed according to the requirements of the statute regulating judgments, and when this requires that the index shall be under the first letter of the name of the judgment creditor, it is not complied with when the first letter of the judgment creditor begins "T" and the index is made under the letter "L."  Coal Co. v. Bank, 34 S. W. Rep., 383; Gin Co. v. Oliver, 78 Texas, 182.

*Searcy & Garrett,* for appellee.—1.  Appellee, being a judgment creditor of C. Minkwitz, Jr., and having had its judgment properly recorded, thereby acquired a lien on the real estate sued for, before appellants acquired any title to the C. Minkwitz, Jr., interest therein.  The appellants in law were charged with notice of such lien, and could not become innocent purchasers for value without notice.  Rev. Stats., arts. 3289-3290; Hargrove v. De Lisle, 32 Texas, 177; Williams v. Murphy, 36 Texas, 165; McKamey v. Thorp, 61 Texas, 651; Russell v. Nall, 2 Texas Civ. App., 63.

2.  Upon the death of C. Minkwitz, Sr., all of his property, real and personal, immediately descended and vested in his children.  The court found that C. Minkwitz, Jr., was entitled to one-seventh of the estate of C. Minkwitz, Sr., charged with an equitable lien in favor of appellants for advances made him by his father in his lifetime.  When the advances were to be accounted for, the entire estate had to be placed into hotch-potch. The appellee's judgment lien attached to the interest of C. Minkwitz, Jr., in the land, immediately upon the death of C. Minkwitz, Sr.  Rev. Stats., arts. 1869, 1694.

3.  The abstract of the judgment in favor of appellee against C. Minkwitz, Jr., was properly recorded and indexed, and the court did not err in admitting the same in evidence.  Bennett v. Cockshatt, 2 Texas Civ. App., 304; Willis v. Smith, 66 Texas, 31.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee brought two suits against appellants for the partition of certain lands described in the petition. The suits involved different property, but, as the parties were the same, and the same title was asserted to all of the property, the actions were consolidated and a judgment was rendered, from which this appeal is taken.

The facts upon which the rights of the parties depend are as follows:

1. Appellee, in 1889, recovered in the District Court of Washington County a judgment for money against C. Minkwitz, Jr. An execution was issued and returned "nulla bona" within a year after rendition of the judgment. In January, 1890, appellee caused an abstract of this judgment to be recorded in Washington County, which was indexed as follows: The name of the plaintiff was placed under the letter L, instead of T, thus, "Lone Star Brewing Co. vs. C. Minkwitz, Jr." The name of the defendant was correctly stated under the letter M thus, "Minkwitz, C., Jr., v. The Lone Star Brewing Co." In other respects the abstract was complete and regular.

2. At the time of the registration of this abstract, C. Minkwitz, Sr., the father of the defendant in the judgment, was living, but, on July 19, 1895, he died intestate, leaving the real estate in controversy, situate in Washington County, worth $23,000, and $14,000 in money, and leaving as his heirs C. Minkwitz, Jr., and six daughters, the latter being the defendants in these suits. During his lifetime, the father had advanced to C. Minkwitz, Jr., $4000, and to the daughters nothing.

3. After his father's death, C. Minkwitz, Jr., informed his sisters of his receipt of the advancements, and proposed that, if they would pay him $2000 of the money and convey to him a lot of land on which he was then living, and which was part of his father's estate and of the land in controversy, and which was worth $2500, he would relinquish to them all interest in the remainder of the estate. This proposition the sisters accepted, and, in consideration of the settlement, as well as for love and affection for their brother, they paid him the $2000, and made him a deed for the lot, which was executed July 30, 1895, but not recorded until October 21, 1895. At the same date, C. Minkwitz, Jr., executed to his sisters, jointly, a deed to all his interest in the property inherited from his father. This deed was not filed for record until November 7, 1895.

4. In regard to possession of the land at the time of and after these deeds were executed, the court below made the following findings, which is all the record shows:

"The lands and real estate inherited by defendants and C. Minkwitz, Jr., from C. Minkwitz, Sr., were at the time of his death in use and in possession, directly or indirectly, and remained in the use and possession of these defendants from the time of his death up to the levy of execution.

"The parcel of land described in plaintiff's petition as lot 8, in block B, in the city of Brenham, was the homestead of C. Minkwitz, Sr., at the time of his death, and his family, consisting of three of these defendants,

viz., Otillie, Auguste, and Julie, and they continued in possession of the same and are now living on said lot as a homestead."

5. The court below found that these conveyances were made in good faith for the purposes stated, and not with intent to defraud any creditor of C. Minkwitz, and this finding is not now in question.

6. On the 21st day of October, 1895, The Lone Star Brewing Company caused an execution to issue on its judgment, which was on same day levied on one-seventh interest in part of the property in controversy as the interest of C. Minkwitz, Jr., in same, and it was duly sold and bought by plaintiff December —, 1895. One of the suits was brought for partition, and, while it was pending, another execution, for the unpaid balance of the judgment, was taken out in June, 1896, which was levied on one-seventh interest in the remainder of the real property in controversy as the interest of C. Minkwitz, Jr., which was likewise sold and purchased by plaintiff. The second suit for partition of the last named property was then brought and consolidated with the other, as stated. Thus the suit, as tried, was one for the partition of the real estate left by C. Minkwitz, Sr., between plaintiff (appellee), claiming all of the interest of C. Minkwitz, Jr., and the sisters of the latter, who claimed all of such property by inheritance and through the deed from their brother.

The court below rendered judgment for plaintiff for one-seventh of the land in controversy, but charged it with $2000 of the advancements which had been made to C. Minkwitz, Jr., by his father. The defendants in the court below prosecute this appeal.

*Conclusions of Law.*—1. That the indexing of the abstract of the judgment was sufficient to fix a lien upon the real estate of the judgment debtor in Washington County.

2. That the pleadings of the plaintiff, as they were not excepted to, were sufficient to admit proof of the abstract and the lien thereby created.

3. That upon the death of C. Minkwitz, Sr., such lien fixed itself upon such interest in the real property left by him as, upon partition with his sisters, C. Minkwitz, Jr., was entitled to.

4. That such interest was not affected by the settlement between the Minkwitz heirs.

5. The interest which plaintiff acquired by its lien and execution sales was such portion of the real estate inherited by the judgment debtor as would remain after making proper allowance for the advancement. Plaintiff acquired no interest in the personal estate. That remained the property of C. Minkwitz, Jr., and he and his sisters had the right to make such disposition of it as they thought proper, so long as they did not impair plaintiff's rights with respect to the real estate. The advancements were chargeable upon the whole of the interest, real and personal, inherited by Minkwitz, Jr., and the heirs had not the right to charge the whole or an undue proportion of the amount upon the real estate, and on the other hand the plaintiff has not the right to deduct the whole or an

undue proportion of the amount from the personal estate. As the real estate inherited by C. Minkwitz, Jr., belonged to appellee, and the money belonged to him, it is necessary to determine what portion of the advancement is to be deducted from each; and we think the fair and equitable way of settling the partition is to charge each proportionately. Thus, as the real estate is of the value of $23,000, and the money amounts to $14,000, the portion of the sum to be accounted for by Minkwitz in partition, which should be charged upon the former, would be $2131.18, and upon the latter $1297.24. It follows that the court below, in our opinion, charged upon the real estate too small an amount. Regularly, we think it would be proper for this valuation of the property to be partitioned and the ascertainment of the amount with which the real estate should be charged to be done by the commissioners appointed; but as it was done by the court below without objection, and as no complaint on that point is made in this court, we conclude that the parties are satisfied with the valuation of the property made by the court, and this renders it practicable to make the calculation which we have made. The judgment will therefore be corrected so as to charge upon the one-seventh of the property in controversy adjudged to appellee the sum of $2131.18, instead of $2000, and in other respects it is affirmed. ·

*Reformed and rendered.*

Writ of error refused.