TOM BELL ET AL. v. SUSIE READ, BY NEXT FRIEND.

Decided March 30, 1900.

1. **Homestead of Insolvent Decedent—Title of Widow and Heirs Not Absolute.**

Article 2055 of the Revised Statutes, which provides that should an estate upon final settlement prove to be insolvent, the title of the widow and children to all the property set apart to them as exempt should be absolute, is held, as to the homestead, to be in contravention of article 16, section 52, of the Constitution. Following Zwernemann v. Von Rosenberg, 76 Texas, 522.

2. **Same—Undivided Interest of Adult Heirs Subject to Execution.**

The undivided interest of adult heirs in the homestead of their deceased parents is subject to sale under execution, although the property is still occupied as a homestead by another minor heir not a party to the execution.

3. **Same—Injunction.**

An injunction will not lie at the instance of such minor in possession to restrain the sale at execution of the interest of the other adult heirs, since it would not affect her undivided interest in the property, nor operate to dispossess her, nor deprive her of the enjoyment of her homestead right therein.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*Bledsoe & Bledsoe,* for appellants.

GARRETT, CHIEF JUSTICE.—S. C. Read, widow, a resident of Hill County, died on November 28, 1898, seized in her separate right of a tract of 216 acres of land, a part of the A. S. Lipscomb survey in Hill County, Texas, which at the time of her death she occupied as a homestead, leaving as her sole heirs the appellee Susie Read, an unmarried daughter 17 years of age, and besides her, a married daughter and five sons, all of whom were adults. At the time of her mother's death, the appellee and a brother, John G. Read, who sues herein as next friend of the appellee, lived with their mother on the homestead. S. C. Read was insolvent when she died, and no administration has ever been taken out on her estate. Appellee has continued to occupy the land as a homestead since the death of her mother, her brother John

G. Read, residing thereon with her, but no letters of guardianship have ever been applied for or taken out either upon her person or estate.

On November 17, 1896, the appellant, Matilda Mulberger, obtained a judgment in the District Court of Johnson County against L. M. Read, A. W. Read, J. A. Read, and R. M. Read, four of the sons of S. C. Read, and on December 13, 1898, caused an execution to be regularly issued out of the District Court of said county and levied by the appellant Tom Bell, as sheriff of Hill County, upon the interest of said defendants in execution in the 216 acres of land, and the same was duly advertised to be sold on January 3, 1899.

On January 2, 1899, the appellee, by her brother, John G. Read, as next friend, filed a petition in the District Court of Hill County in which she set out the facts as above stated, and defined by metes and bounds the 200 acres of the land which she claimed as her homestead, and prayed that the sale thereof should be enjoined. A temporary restraining order was made by the court, and on final hearing the cause was submitted without a jury. The court held that the premises were the homestead of the appellee at the time of the levy of the execution, and at the time of the trial; that she was entitled to have and to use the same, free and unincumbered by any lien that would cause a cloud upon her title or interfere with her free use and enjoyment thereof; and that the appellants should be perpetually enjoined from selling the premises by virtue of the execution; and rendered judgment that the "defendant Mattie Mulberger be perpetually enjoined from levying upon said land, or from asserting adversely to plaintiff any lien, right, or claim under and by virtue of the judgment, execution and levy thereon described in the plaintiff's petition," and for costs.

Upon the death of S. C. Read the land described in the petition descended to and vested in her seven children, without being subject, however, to partition so long as the guardian of the appellee might be "permitted, under the order of the proper court having the jurisdiction, to use and occupy the same." Const., art. 16, sec. 52. And the defendants in execution became seized and vested of an undivided interest therein of one-seventh each, making an undivided interest of four-sevenths of the land owned by them in fee simple, subject only to the use and occupation thereof as a homestead by the appellee, through her guardian, so long as he might be permitted so to do under the order of the proper court.

The interest of the defendants in execution was such as could be levied on and sold under the judgment against them. Smith v. Crosby, 86 Texas, 15. The title of heirs to an estate may be sold under execution against them, subject to an administration of the estate. 1 Freem. on Ex., sec. 183; Schmidt v. Huff, 7 Texas Civ. App., 596; Hendricks v. Suediker, 30 Texas, 307. The undivided interest of a tenant in common in land may be sold under execution. Braden v. Gose, 57 Texas, 37. From the judgment of the court below in perpetually enjoining the sale of the land, that court evidently concluded that the appellee

acquired an absolute title to the land by reason of the insolvency of her mother at her death. Article 2055 of the Revised Statutes, which provides that should an estate upon final settlement prove to be insolvent, the title of the widow and children to all property set apart or paid to them under chapter 18, title 39 of the Revised Statutes, should be absolute, has been held, as to the homestead, to be in contravention of article 16, section 52, of the Constitution. Zwernemann v. Von Rosenberg, 76 Texas, 522 ; Roots v. Robertson, 55 S. W. Rep., 308. So, as above stated, the defendants in execution inherited from their mother an interest of one-seventh each in the land described in the petition and occupied by her as a homestead at her death, subject to use and occupation by the guardian of the minor unmarried daughter so long as he should be permitted to occupy and use it under the order of the proper court. The interests of these sons could be sold under execution, subject to administration, if the property were not exempt therefrom, but being exempt to a constitutional constituent of the family of S. C. Read, it was not subject to administration, and vested in her heirs subject only to the homestead right of the minor daughter. Zwernemann v. Von. Rosenberg, supra ; Childers v. Henderson, 76 Texas, 664. These interests we hold to be subject to sale under execution.

There can be no reason why the sale should be enjoined. It is not proposed to sell the exempt property of the appellee for a debt against her. She is in possession of the land, and the purchaser at the sale would buy with full notice of whatever right she had. No guardianship has ever been taken out upon estate, and she has inherited no homestead right from her mother. Such right is continued to her to be enjoyed only in the manner provided by law. The sale can not operate to dispossess the appellee, deprive her of the enjoyment of the homestead, or embarrass her in any manner. It is only of the interest of the defendants in execution in the land, and an injunction will not lie to restrain it. Whitman v. Willis, 51 Texas, 429. If the purchaser at such sale should bring suit for partition, or to be let into possession of the land with the appellee, such suit could be defended by showing her right to occupy it as a homestead, and if necessary the court would delay the suit until the County Court should appoint a guardian and determine whether he should be permitted to occupy the homestead for her use. Osborn v. Osborn, 76 Texas, 494. We are of the opinion that the judgment of the court below is erroneous, and it will be reversed and judgment will be here rendered in favor of the appellants, dissolving the injunction and dismissing the suit, and for costs.

*Reversed and rendered.*