Under the reported opinion in the case of State v. Moise, 48 La. Ann. 109, 18 So. 943, 35 L. R. A. 701, will be found an exhaustive note in which the authorities are collated, showing a uniform holding in line with the cases cited in this opinion.

We therefore conclude that the action of the district court in summarily dismissing the criminal cases on the motions of the defendants was void, and that the writ of mandamus prayed for should be awarded.

CURETON, C. J.

The opinion of the Commission of Appeals is adopted and the mandamus awarded.

## GREGG v. FIRST NAT. BANK IN BROWNSVILLE et al.

### Nos. 1193–5536.

Commission of Appeals of Texas, Section B.
April 9, 1930.

Seabury, George & Taylor and Graham, Graham & Graham, all of Brownsville, for plaintiff in error.

Faulk & Abney, of Brownsville, for defendants in error.

LEDDY, J.

On January 31, 1928, three judgments aggregating over $30,000 were rendered against James A. Browne in the district court of Cameron county, and on the same day they were duly abstracted in the judgment records of said county.

On the 11th day of June, 1928, execution was caused to be issued under each of the above judgments, and the same was duly levied by the sheriff on all the interest in certain specified property of James A. Browne which was devised to him under the will of Agnes A. Browne, deceased.

The property levied upon was sold under three execution sales, John Gregg, who purchased the three judgments against Browne, being the purchaser at each sale under his bids of $4,500, $5,000, and $4,000, the original judgments being credited with these sums less the costs of sales.

On the 25th day of April, 1928, after the above three judgments had been abstracted in the records of Cameron county, the First National Bank in Brownsville obtained a judgment against James A. Browne for the sum of $1,674.70, and caused the same to be properly abstracted in the records of said county.

In December, 1928, said bank filed this suit in the district court of Cameron county against John Gregg and James A. Browne, in which it sought to set aside the three execution sales and to subject said property to its judgment, the ground of its action being that the interest of James A. Browne in the estate of Agnes A. Browne, deceased, was sold as a whole, and not in parcels, and by reason thereof the property sold for a grossly inadequate price. It was also averred by the bank that under the will of Agnes A. Browne the property levied upon and sold to John Gregg was in the hands of the executrix under an active trust for the handling, partition and conveyance of all the real estate, and the interest of James A. Browne therein, and that the sale of the land under execution during the continuance of said trust was void.

The trial court rendered judgment against the plaintiff bank and in favor of John Gregg, upholding the validity of the three execution sales and quieting the title acquired by Gregg thereunder.

The Court of Civil Appeals (18 S.W.(2d) 772) reversed the judgment of the trial court, holding that the property was not subject to execution because the same was in the hands of the executrix to be administered and was, therefore, in custodia legis.

Defendant in error frankly concedes in this court that the decision of the Court of Civil Appeals cannot be upheld on the ground that the property was not subject to execution because in custodia legis. It contends, however, that what the Court of Civil Appeals intended to hold was that the property was not subject to seizure and sale under execution because the will of Agnes A. Browne created an active trust, the administration of which would be interfered with if the interest of James A Browne should be subjected to sale under execution.

This property belonged to the testatrix. She did not owe the judgment creditors of

James A. Browne anything and therefore had the legal right to dispose of her property on such terms and conditions as she desired, free from any interference by such creditors. If her will created an active trust, as to the interest of James A. Browne, the courts will not permit a judgment creditor to interfere with the administration of that trust by subjecting the property of the cestui que trust to execution. Whether Browne's interest was subject to execution is dependent upon whether the property devised to him was, in fact, subject to an active trust under the will. The pertinent provisions of said will are as follows:

"First: I will and direct that all my debts be paid out of my estate, as soon as convenient, by my executrix, hereinafter named.

"Second: I hereby devise and bequeath to each of my four children, James A. Browne, Irene Mason, S. P. Browne, and Mary Smith, an equal one-fifth interest in all property of every nature owned by me at the time of my death.

"Third: I hereby direct my Executrix, hereinafter named, as soon after my death as convenient, to pay all my just debts and to divide the remainder of my property, after payment of such debts, into five . shares as nearly equal as may be, and to deliver and convey to each of my four children, above named, one of said shares, or a one fifth of said property * * * (balance of paragraph refers to interests of grandchildren).

"Fifth: I hereby nominate and appoint my daughter Irene Mason, wife of O. K. Mason of Brownsville, Texas, as Executrix of this Will, and direct that no bond or other security be required of her, as such Executrix, and that no action be had in the Probate, or other Courts, than to prove this Will and file an inventory and appraisement of my estate and list of claims."

At the time of the execution sale under which John Gregg acquired title to the interest devised to James A. Browne, all of the debts of the estate had been paid and nothing remained to be done by the executrix except to divide the estate into five equal portions and convey four of the same to the children mentioned in the second paragraph of the will; the remaining portion, which was devised to the grandchildren, was to be held in trust in accordance with the terms of said will.

The will of Agnes A. Browne unquestionably gives James A. Browne an undivided one-fifth interest in all the property owned by testatrix. The probate of such will fixed and confirmed that right. Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300; Hall v. Haywood, 77 Tex. 4, 13 S. W. 612.

He possessed such an interest in the property as might be transferred by assign-ment, consequently it was subject to sale under execution. Freeman on Judgments (2d Ed.), § 183; Humphreys v. Humphreys, 1 Yeates (Pa.) 427; De Haas v. Bunn, 2 Pa. 335, 44 Am. Dec. 201.

Where the legal title to land is in the hands of a trustee to serve the requirements of an active trust, a judgment creditor of the cestui que trust has no lien thereon. Brandies v. Cochrane, 112 U. S. 344, 5 S. Ct. 194, 28 L. Ed. 760; Powell v. Knox, 16 Ala. 364; Drysdale's Appeal, 15 Pa. 457; Poindexter v. Los Angeles S. Co., 60 Cal. App. 686, 214 P. 241.

On the other hand, where the trust under consideration is merely a dry or passive one, a judgment lien attaches to the debtor's interest in real property as a cestui que trust. Ives v. Beecher, 75 Conn. 564, 54 A. 207; Doe ex dem. McMullen v. Lank, 4 Houst. (Del.) 648; Maxwell v. Baught, 96 Ind. 136.

The sale under execution of the interest devised to James A. Browne, under the will, does not dispossess the executrix nor interrupt the administration in accordance with the terms of the will. Under such circumstances, the interest of the devisee is subject to execution. Caples v. Ward, 107 Tex. 341, 179 S. W. 856; Schmidt v. Huff et al., 7 Tex. Civ. App. 593, 28 S. W. 1053; Franke et al. v. Lone Star Brewing Co., 17 Tex. Civ. App. 9, 42 S. W. 861; Bell et al. v. Read, 23 Tex. Civ. App. 95, 56 S. W. 584; McClellan v. Solomon, 23 Fla. 437, 2 So. 825, 11 Am. St. Rep. 384; Proctor v. Newhall, 17 Mass. 81; Lessee of Douglass v. Massie, 16 Ohio, 271, 47 Am. Dec. 375; Freeman on Execution, § 183.

The executrix in this case had but two duties to perform with reference to the interest devised to James A. Browne; first, to set apart his one-fifth equal portion, and then to make conveyance of same. The sale at execution of whatever interest Browne might receive under such partition in no way interfered with the performance of either of these duties by the executrix. The purchaser under such sale would only acquire title to whatever property might be set apart by the executrix as Browne's interest in the estate under the terms of the will.

It is further claimed that the execution sale should be held invalid because the property was sold in bulk, which caused it to bring a grossly inadequate price. It is the settled law in this state that an execution sale will not be set aside solely upon the ground that the property sells for a grossly inadequate price. Baker v. Clepper, 26 Tex. 629, 84 Am. Dec. 591; Taul v. Wright, 45 Tex. 388; Graves v. Griffin (Tex. Com. App.) 228 S. W. 913.

It is only where there is fraud or irregularity in connection with the sale which causes or contributes to cause the property to

be sold for a grossly inadequate price, that the sale will be held invalid. Driscoll et al. v. Morris et al., 2 Tex. Civ. App. 603, 21 S. W. 629; Bank v. Improvement Co., 60 Tex. Civ. App. 315, 128 S. W. 436; McKennon v. McGown (Tex. Sup.) 11 S. W. 532; Allen v. Pierson, 60 Tex. 604.

Ordinarily it would be an irregularity to sell property in bulk instead of in parcels. Not so, however, under the facts disclosed by this record. Prior to the sale the judgment creditor requested the attorneys for the owner of the property levied upon to indicate whether the same should be sold in parcels or in bulk, and, after due consideration of the matter, they, by an instrument in writing, informed the sheriff that the interest of their client would be best served by selling the property in bulk instead of in parcels, and in compliance with such request it was so sold. There is no charge or proof of fraud or collusion between the debtor and the judgment creditor.

In the absence of fraud or collusion, the owner of property levied upon has the legal right to direct whether it shall be sold in separate parcels or in bulk, and, where he has in good faith exercised such right, other creditors will not be heard to complain. 10 R. C. L. § 92.

In addition to the above, we think it affirmatively appears that the sale of this property in bulk did not contribute to the bringing of a grossly inadequate price. In the very nature of things, the undivided interest of James A. Browne in the estate of Agnes A. Browne would be reasonably calculated to bring a better price at execution sale when sold in bulk than if sold in separate parcels, for the obvious reason that it could not be known in advance which particular piece of property would be set apart to James A. Browne when the same was partitioned by the executrix, hence a purchaser of any specific parcel of this property could not know whether he would obtain any title whatever by his purchase. Not so with a buyer who purchased the entire interest of Browne in the estate, as some part of same would necessarily be set apart to him.

We conclude the trial court properly upheld the validity of the title acquired by John Gregg under execution sale, and the Court of Civil Appeals erred in holding to the contrary.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.