## CARROLL v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

### No. 1682.

Court of Civil Appeals of Texas. Eastland.

June 18, 1937.

Rehearing Denied July 9, 1937.

Smith & Smith, of Anson, for appellant.

Edmond C. Yates and Scarborough & Ely, all of Abilene, for appellees.

LESLIE, Chief Justice.

Clayton Carroll, administrator of the estate of his parents, S. P. Carroll and wife, Annie Carroll, filed this suit against the Fidelity & Deposit Company of Maryland and Frank Terry, sheriff of Fisher county, Tex., to enjoin defendants from selling under execution the undivided interest of Liss B. Carroll in the estate of his deceased parents. The defendants answered by general demurrer and general denial, and specially pleaded that the Fidelity & Deposit Company held against

said Liss B. Carroll an unsatisfied judgment on which the execution issued, etc.

A temporary restraining order was at first granted, and later a trial on the merits resulted in a judgment dissolving said order and refusing to grant a permanent injunction. The administrator appeals.

The material facts out of which the suit arises are as follows: October 10, 1933, the Fidelity & Deposit Company of Maryland recovered a personal judgment in the district court of Fisher county against Liss B. Carroll for $1,700, interest, costs, etc. November 6, 1933, execution was issued and returned nulla bona. November 16th following judgment was abstracted in Fisher county, and the judgment is still unpaid. S. P. Carroll and Annie Carroll, the father and mother of Liss B. Carroll, were drowned April 4, 1934. They died intestate, and, according to the record, at the same time. They left an estate consisting of several tracts of land, one of which contains 3,360 acres situated in Fisher county, Tex. They owed debts against each tract, except one in Louisiana. The debts of the estate are estimated to be about $36,000. S. P. Carroll and wife left several heirs besides Liss B. Carroll and the administrator. In December, 1935, the Fidelity & Deposit Company had an execution issued upon said judgment and placed in the hands of the defendant Frank Terry, sheriff of Fisher county, who levied same on the undivided interest of Liss B. Carroll in the 3,360 acres of land. The instant suit followed.

The appellant contends, by several assignments of error, that the probate court of Kimble county, where the administration is pending, has exclusive jurisdiction of the estate, with right to administer the same, and that the sale of Liss B. Carroll's interest therein under execution will interfere with said administration and should therefore be enjoined.

We are of the opinion that the judgment of the trial court should be sustained.

On the death of an intestate owner, the title to his real property vests instantly in his heirs. Article 2570, R.S. 1925; 15 Tex.Jur. p. 172, §§ 26, 27. As said in the last section: "Since the heir is the successor in title of the ancestor, it follows that the estate and title are not changed by the transmission. The heir takes the exact title of the ancestor, whether that be the legal title, the equitable ownership or a mere right short of any title at all."

Such being the nature of the heir's interest in the decedent's estate, the law with reference to creditor's right to have execution levied upon the same is stated in 18 C.J. p. 965, § 333, as follows: "In appropriate actions or proceedings therefor, the interest of an heir or distributee in a decedent's estate, whatever it may be, may be taken by his creditors for the payment of his debts. However, as against the estate of the decedent and the persons interested therein, the right of a creditor of an heir or distributee is limited to the interest of the heir or distributee in the estate. Hence, the right of the creditor is not only subject to the priority of the debts of the intestate, but also the share which he can reach is that which remains after the deduction of the indebtedness, if any, of the heir or distributee to the estate, and after the deduction of the value of any advancements which the heir or distributee has received."

See Garrett v. McMahan, 34 Tex. 307; Oxsheer et al. v. Nave, 90 Tex. 568, 40 S.W. 7, 37 L.R.A. 98.

Under the subject of execution, in 23 C.J. p. 361, § 113, the same right or rule of law is stated thus: "The estate of an heir is an undivided interest in each and every tract of land owned by the ancestor at the time of his death. Subject to the debts of the ancestor, it may be levied upon by execution or attachment, and sold as the property of the heir."

We consider Hahn v. P. J. Willis & Bro. et al., 31 Tex.Civ.App. 643, 73 S.W. 1084 (writ ref.) a case in point. It is there held: "The title of the land, while it descended and vested in the heirs of Elizabeth Hahn at her death, did so subject to administration for the payment of the debts of the deceased. Only the interest of C. Hahn and P. Hahn as heirs was levied on, and *a purchaser at the sale would take the title subject to administration.* He would take no better title than would a purchaser from them at private sale whose title is clearly subject to be defeated by sale by the administrator." (Italics ours.)

We perceive no reason why the rule of law applicable to the levy of execution on the interest of a devisee should not obtain in the case of an heir. The law with reference to levying execution upon

the interest of devisee and selling same is thus stated in Gregg v. First Nat. Bank (Tex.Com.App.) 26 S.W.(2d) 179, 181:

· "The sale under execution of the interest devised to James A. Browne, under the will, does not dispossess the executrix nor interrupt the administration in accordance with the terms of the will. Under such circumstances, the interest of the devisee is subject to execution. Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Schmidt v. Huff et al., 7 Tex.Civ.App. 593, 28 S.W. 1053; Franke et al. v. Lone Star Brewing Co., 17 Tex.Civ.App. 9, 42 S.W. 861; Bell et al. v. Read, 23 Tex.Civ. App. 95, 56 S.W. 584; McClellan v. Solomon, 23 Fla. 437, 2 So. 825, 11 Am.St. Rep. 384; Procter v. Newhall, 17 Mass. 81; Lessee of Douglass v. Massie, 16 Ohio, 271, 47 Am.Dec. 375; Freeman on Execution, § 183.

"The executrix in this case had but two duties to perform with reference to the interest devised to James A. .Browne; first, to set apart his one-fifth equal portion, and then to make conveyance of same. The sale at execution of whatever interest Browne might receive under such partition in no way interfered with the performance of either of these duties by the executrix. The purchaser under such sale would only acquire title to whatever property might be set apart by the executrix as Browne's interest in the estate under the terms of the will."

For the reasons assigned, and upon the authorities cited, we conclude that the trial court committed no error in rendering the judgment appealed from. It is therefore affirmed.

### On Rehearing.

The appellant's motion for rehearing raises no questions, not considered in the original opinion, but much emphasis is placed therein on a contention that the intestate parents of Liss B. Carroll in their lifetime made "advancements" of money to him "equal to or greater than 1/11th value of said 3,360 acres of land, less the indebtedness to the Loan Company on the same, at the time of the death of S. P. and Annie Carroll" and that said "Liss B. Carroll therefore had no interest, inheritable or otherwise, in said tract of land at the time of the levy of the execution complained of in this suit." For the purpose of this suit, we do not see the materiality of the contention. Further, in making this contention, the appellant fails to take notice of the distinction between "advancement" and other transactions, such as gifts, loans, and the like. As pointed out in 1 Tex.Jur. p. 795, § 14: "An advancement is distinguishable from a gift in that a gift is not subject to be thrown into the common stock for the purpose of equalizing the shares of all the heirs. Money devoted to the support and education of a child is not an advancement if there was no intention that it be in anticipation of the child's distributive share in the estate of his parent. * * * An advancement is to be distinguished also from a sale and a loan. Thus a transfer of money from a parent to a child in return for an interest-bearing note is not an advancement. (Oxsheer v. Nave [90 Tex. 568], 40 S.W. 7 [37 L.R.A. 98]; Ruiz v. Campbell, 6 Tex.Civ.App. 714, 26 S.W. 295.) Similarly, the payment by a parent of a debt of a child creates the relation of debtor and creditor between· them where there is evidence that the child promised to repay the amount advanced, and that the parent expected at all times to be repaid."

Distinguishing an "advancement" from a loan, or other transaction creating an indebtedness, it is said in 18 C.J. 912, § 201: "An advancement is distinguishable from a loan or other transaction creating an indebtedness in that it creates no liability to repay and is attended by none of the usual incidents of a debt. * * *"

By appellant's own testimony it conclusively appears that no "advancements," in a legal sense, are involved. His testimony is in part as follows:

"Q. Now, from your personal knowledge was Liss B. Carroll indebted to your parents' estate at the time they died? A. He was.

"Q. The Court: Independent of any conversation or communication with either of your parents, do you know that he was indebted to them? A. Except what he told me.

"The Court: Except what who told you?

"A. My brother.

"The Court: Go ahead and tell it.

"A. He has told me a number of times that he owed my father and mother. They advanced him money several years back for educational purposes.

"Q. How much from that source now did you find out that he owed the estate? A. $4,000. * * *

"Q. With reference to the death of your parents, when did Liss B. Carroll tell you about owing your parents? A. It was a year or two before and maybe longer, it was the time he was going to school in Austin.

"Q. At the time he was going to school in Austin? A. Yes.

"Q. Then did he later tell you anything about that? A. Well, he told me at that time and afterwards just a number of times, he would mention it.

"Q. Did he tell you anything with respect to whether or not those debts were evidenced by writing? A. I understood he gave my father a note for it.

"Q. How did you understand that? A. He told me he did.

"Q. For the whole amount? A. No, I think maybe one for $1,000, one for $1100, a series of notes at the time he was using the money.

"Q. He gave them notes? A. Yes sir.

"Q. That was three or four years before your father's death? A. Well, something like that, yes. * * *

"Q. Wasn't that prior to 1930 that he quit school? A. I think it was."

If it were conceded that the testimony raised such an issue of fact, and we think it is not entitled to have such effect given it, then the trial court has found against the existence of "advancements" and the judgment in that respect cannot be disturbed by this court.

The case of Butler, Sheriff, v. Lollar (Tex.Civ.App.) 199 S.W. 1176, 1177, relied on by appellant, has no application to the facts of this case. In that case the heir or child whose apparent interest was levied on by execution had in fact no interest in the estate left by his intestate parents, the evidence conclusively showing that long prior to the parents' death the child had in fact received, by actual "advancements," his entire interest in the estate and "the property seized never at any time really belonged to the debtor." In the Lollar Case an "advancement" had in fact been made and its legal effect was to "supersede" the child's "inheritable in-

terest in what estate remained at the death of the ancestor." No such state of facts is established in the instant case.

There was no evidence before the trial court as to the value of the estate, all of which, except one tract of real estate situated in Louisiana, was heavily encumbered. The estate is at most a creditor of Liss B. Carroll, who is conceded to have been heavily indebted to his parents in their lifetime and now to said estate.

As held by our Supreme Court in Oxsheer v. Nave, 90 Tex. 568, 40 S.W. 7, 10, 37 L.R.A. 98: "Advancements are no part of an estate, though the heirs may bring them into hotchpot and claim their full share of all the property. The debt due by an heir to the estate is a part of the estate, and, like other assets, is subject to partition and distribution. The heir owing the debt must either pay it, or take his share in the debt, or the debt, as a part of his share, as the case may be. * * * Since, when the heir owes the estate more than the value of his share, and does not pay his debt, he has no interest in the other property of the estate, it necessarily follows, as we think, that a creditor, by a sale and purchase under judicial process of his nominal interest, can acquire no right in the property."

Such would be the measure of appellees' right or interest, if any, acquired under and by virtue of the execution sale sought to be enjoined. Such sale is, as pointed out in the original opinion, not forbidden by law: Hence for practical purposes it would appear to be immaterial under the facts of this case whether the sums advanced to Liss B. Carroll by his intestate parents be regarded as "advancements" in legal contemplation or mere loans. The legal result would be the same. "The right of the creditor is not only subject to the priority of the debts of the intestate, but also the share which he can reach is that which remains after the deduction of the indebtedness, if any, of the heir or distributee to the estate, and after the deduction of the value of any advancement which the heir or distributee has received." 18 C.J. p. 965.

The judgment of the trial court is correct and the motion for rehearing is overruled.